CHRISTINA WOLF

*v.*

CATHARINE BOLLINGER.

1. WILL—*alteration—new attestation required to give effect to.* A testator, after the publication of his will, sent for the executor and custodian of the same, and informed him that he·wished to alter his will so that A should have a tract of land devised therein to B, and the executor, at the instance of the testator, cancelled the name of B by drawing a line through it with a pen; leaving the name still legible, and interlined over it the name of A, so that the devise read as to A; but the will, as altered, was never republished, or attested by two witnesses in the presence of the testator : *Held,* that in favor of A, for want of attestation, the will, as altered, was wholly inoperative.

2. WILL—*revocation.* The mere act of cancellation, erasure, or obliteration, will not constitute a valid revocation of a will, unless done with intent to revoke. Although every act of cancellation imports *prima facie* that it is done with intent to revoke, this presumption may be rebutted by the accompanying circumstances.

3. WILL—*revocation—presumption.* When a testator makes an alteration in his will by erasure and interlineation, or in any other mode without authenticating the same by a new attestation in the presence of witnesses, or other form required by the statute, it will be presumed that the alteration was intended to be dependent upon the alteration taking effect as a substitute; and when such alteration fails to take effect, the will will stand as originally drawn, so far as the same is legible after the attempted alteration.

4. SAME. Thus when a testator directed the erasure of the name of a devisee, and the interlineation of the name of another person, with intent not to revoke the devise itself, but simply to substitute another devisee in place of the original one, which was done by drawing a pen through the

original name, but still leaving it legible, and the alteration failed for want of a new attestation: *Held*, that the erasure of the name of the original devisee did not amount to a revocation of the devise to her.

5. WILL—*contest in chancery—party*. Under the sixth section of the statute of wills, a devisee may contest whether or not certain portions of a will, as admitted to probate, is the will of the testator. The right is given to "any person interested," and these words may embrace a devisee as well as an heir-at-law.

6. SAME—*trial by jury*. On bill in chancery to contest the validity of an alleged devise, where there is no disputed question of fact to be found, it is not erroneous to hear the cause without submitting an issue to a jury. Proceeding to a hearing without objection, or asking for an issue to be made and tried by a jury, will be a waiver of the right to a trial by jury.

7. EQUITY JURISDICTION—*contest of will*. The power conferred upon courts of equity by the sixth section of the statute of wills to determine whether a writing admitted to probate, be the will of the testator or not, includes the power to adjudge upon the validity of any part of the instrument as well as the whole.

8. SAME—*extent of relief, on contest of will*. Where a testator altered his will after its attestation by attempting to obliterate the name of a devisee, and having another name interlined as a substitute therefor, but failed to have the will, as altered, attested according to law, and the same was admitted to probate in its altered condition: *Held*, on bill in chancery by the original devisee to contest the right of the substituted devisee, that equity had jurisdiction not only to declare that one party was not the devisee, but also to establish the will in favor of the original devisee whose name was still legible, and thus settle the entire question by determining which of the two parties was entitled to take as devisee.

APPEAL from the Circuit Court of Madison County; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion sufficiently states the case.

Mr. DAVID GILLESPIE, for the appellant.

Messrs. METCALF, IRWIN & KROME, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 2d day of February, 1868, Jacob Bizer duly executed his last will and testament, wherein Catharine Bollinger, the appellee, was made the devisee of a certain forty acres of

land. A few weeks afterward, the testator sent for Frederick T. Krafft, the executor named in the will, and informed him that he wished to alter the will so that Christina Wolf, the appellant, should take the forty acres instead of Catharine Bollinger; and at his instance, Krafft cancelled the name of Catharine Bollinger in the will, by drawing lines through it with a pen, leaving the name still legible, and interlined over it the name of Christina Wolf, so as to make the will read as a devise of the forty acres to her. After being so altered, the will was never republished, the two attesting witnesses whose names appear to the will, not being present at the time of the alteration, and the will never having been attested by any witness afterward in the presence of the testator.

After the death of Jacob Bizer, the will, in its altered condition, was admitted to probate.

The bill in this case, after setting forth the facts, and alleging that the instrument in writing, so altered and admitted to probate, was not the last will and testament of Jacob Bizer, but that said instrument in writing, as originally drawn up and executed, without said alteration, was his true last will, prayed that the instrument in writing, as admitted to probate, be declared null and void; and that the instrument, as originally drawn up and executed, be established as the true will of the testator, and that his estate be distributed among the devisees therein according to its provisions. The court below decreed that the probate of the instrument in its altered condition be set aside, and declared the instrument, as originally executed and published, to be the true and only last will of the testator; and that Catharine Bollinger was the sole devisee of the said forty acres of land; and that Christina Wolf be forever barred from setting up any claim thereto, inconsistent with the decree.

The first question raised by the appellant is, that the court below had no jurisdiction of the case as set forth in the bill.

As to entertaining a bill to contest the validity of a will admitted to probate, the court derived its authority to do so from an express provision of the statute, contained in the sixth sec-

tion of the chapter of wills, as follows : " That if any person interested shall, within five years after the probate of any such will, testament, or codicil, in the court of probate, as aforesaid, appear, and, by his or her bill in chancery, contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament, or codicil shall have been proven and recorded as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate, as aforesaid, shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert,* persons absent from the State, or *non compos mentis,* the like period after the removal of their respective disabilities. The effect of the probate and recording of the will is declared, in the second section, to be " good and available in law for the granting, conveying, and assuring the lands, tenements, and hereditaments, annuities, rents, goods and chattels therein and thereby given, granted, and bequeathed."

We see no reason for confining this privilege of contesting the validity of a will to heirs-at-law, as it is claimed in argument it should be. The right is given to " any person interested," which may embrace a devisee, as well as an heir-at-law.

It is said that, under this sixth section, the issue is to be, whether the writing produced and probated is the will of the testator or not; that the instrument can only be passed upon as a whole, and that the court can not adjudge a part to be, and a part not to be, the will of the testator. But this is a distinction which is only verbal; it does not exist in reason.

The power to try and determine whether the writing produced be the will of the testator or not, includes the power to adjudge upon the validity of any part of the instrument, as well as the whole.

It is claimed as error, that an issue at law was not made up whether the writing was the will of the testator or not,

and tried by a jury, as required by the statute. There was no disputed question of fact in the case, upon which the conscience of the chancellor needed to be informed; the only question made was one of law. The defendant proceeded to a hearing without objection and without asking that an issue at law be made up and tried by a jury—that was a waiver of the making up and trial by jury of such an issue.

But it is insisted that, at most, the court had no further authority than to determine whether the instrument, as probated, was the will of the testator or not, and that it had no power to establish the instrument, as originally drawn and executed, without alteration, as the true will.

It is certainly an old head of chancery jurisdiction to establish the validity of wills. Story's Eq. Ju. § 1443 *et seq.*, and notes; Adam's Eq. 535.

The true contest was, as to which one of two persons was the devisee under the will; and it would fall short of administering a full measure of relief to declare that the one was not, and leave it undetermined, to be adjudged in a further suit, may be, whether the other was a devisee. Both parties being before the court, it best consists with convenience and the rule of chancery practice, that the entire question as to their opposing claims to the devise of the land, should, as between themselves, be put to rest, and that it should be settled which one of them was the devisee.

Furthermore, the original will, as unaltered, might be revived on the ground of accident in cancelling the name of Catharine Bollinger.

We come now to the main question in this case—the effect of this alteration of the will.

As to Christina Wolf, it is clear the alteration had no legal effect whatever.

There is no pretense, that after the alteration was made by the interlineation of her name, the will was attested in the presence of the testator by two witnesses; and there was distinct proof that it was not. Hence, for want of a compliance with this statutory requirement, the instrument

did not operate as a disposing will as to Christina Wolf. Had the alteration any legal effect as to Catharine Bollinger?

Before the alteration, the will contained a valid devise to her of this forty acres of land. It is the rule that a valid will, once existing, must continue in force, unless revoked in the mode prescribed by statute; which, by the fifteenth section of our Chapter of Wills, is as follows:

"No will, testament, or codicil shall be revoked, otherwise than by burning, cancelling, tearing, or obliterating the same by the testator himself, or in his presence, by his direction and consent, or by some other will, testament, or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence; and no words spoken shall revoke or annul any will, testament, or codicil in writing, executed as aforesaid in due form of law."

The only mode of revocation of this devise to Catharine Bollinger, that can be claimed in this case, is by cancellation or obliteration. Lines were drawn with a pen through her name as devisee, leaving it still legible, and the name of Christina Wolf was interlined above it. It has been often determined, in the construction of similar statutes, that the mere acts named, of cancellation or obliteration, will not constitute a valid revocation, unless done with the intent to revoke. And although every act of cancelling imports *prima facie* that it is done with the intent to revoke, it is but a presumption, which may be repelled by accompanying circumstances.

The intent of the testator, as expressed by himself, when he directed the cancellation to be made, was, "that Christina Wolf should inherit the forty acres instead of Catharine Bollinger." The cancellation was not made with intent to revoke the devise to the complainant simply, but with intent to substitute in her stead the defendant, Christina Wolf, as a devisee. The cancellation of the name of Catharine Bollinger, was but as a means toward the effecting of the end of such substitution; and the ultimate object of substitution

having failed of accomplishment, the cancelling, which was done only in the view of, and in order to effect, that object, should be esteemed for nothing, and be considered, not as having been made absolutely, but only conditionally, upon the attempted substitution being made effectual. To give it effect under the circumstances, would seem to be to thwart the intention of the testator, and make him intestate as to this piece of land, when he manifested the contrary intent by his will. It can by no means be said to have been the intent of the testator, that in case Christina Wolf was not substituted as devisee, Catharine Bollinger should not take the devise, or that as between the latter and his heirs-at-law, he preferred that they should have the land. The original intention of the will certainly was to make her a devisee; it appears to have been changed no further than in order to effect the substitution of another devisee in her place; that purpose having failed to become perfected, the original intention to devise to Catharine Bollinger must be considered as remaining unchanged.

It is believed to be the doctrine, as laid down in Redfield on Wills, 314, 325, 327, and well settled by the authorities, that where the testator makes an alteration in his will, by erasure and interlineation, or in any other mode, without authenticating such alteration by a new attestation in the presence of witnesses, or other form required by the statute, it is presumed that the erasure was intended to be dependent upon the alteration going into effect as a substitute; and such alteration not being so made as to take effect, the will, therefore, stands in legal force, the same as it did before, so far as it is legible after the attempted alteration. *Short* v. *Smith,* 4 East, 417; *Jackson* v. *Holloway,* 7 J. R. 394; *Laughton* v. *Atkins,* 1 Pick. 535.

The award of costs against Christina Wolf, which is complained of, was a matter of discretion with the court, with the exercise of which we see no reason for interference.

Perceiving no error in the record, the decree of the court below is affirmed.

*Decree affirmed.*