(No. 14233.—Reversed and remanded.)

JOHN F. SNYDER et al. Appellants, vs. GEORGE B. STEELE et al.—(THOMAS W. SWEENEY, Admr. et al. Appellees.)

*Opinion filed October 21, 1922.*

1. EVIDENCE—*when a witness in will contest is disqualified on ground of interest.* To disqualify a witness in a will contest case on the ground of interest, he must have a legal, certain and immediate interest in the result of the cause or in the record.

2. SAME—*withdrawal for purpose of testifying may be shown by facts and circumstances.* Under section 7 of the Evidence act the fact that a person has withdrawn from a case solely for the purpose of testifying need not be shown by statements or admissions on the part of said party, but it is proper to show such fact by circumstances which by their reasonable intendment demonstrate that the withdrawal was for the purpose of permitting the party to testify.

3. WILLS—*when executor and beneficiary cannot testify after withdrawal and resignation.* In a will contest case a party who was made executor and beneficiary under the will cannot testify after a release of his rights and his resignation as executor, where the withdrawal from the case was not until after a decision by the Supreme Court that he stood in a fiduciary relation to the testator, and where the circumstances indicate that the withdrawal was solely for the purpose of testifying on the re-trial of the cause.

4. SAME—*undue influence by one beneficiary entitles contestants to a verdict.* Where the execution of a will is shown to have been the result of undue influence exercised by a beneficiary the contestants are entitled to a verdict, as the issue in a contest is as to the validity of the will as a whole, and testimony which defeats one defendant, one devisee or one legatee defeats all, and a judgment against one is necessarily a judgment against all.

APPEAL from the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding.

B. O. WILLARD, and L. A. JARMAN, for appellants.

E. M. WARNER, GLASS & BOTTENBERG, and W. H. DIETRICH, guardian *ad litem,* for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a will contest. Mary J. Metz, living in Rush-ville, executed the purported will and died a few days there-after. Her heirs-at-law filed this suit to set the will aside on the ground of mental incapacity, and the undue influ-ence of George B. Steele, Charles H. Bartlett and Margaret Bishop; also on the ground the will was not attested in the presence of Miss Metz, as required by law. The cause was tried in the circuit court of Schuyler county at the September term, 1918, and a verdict of the jury rendered sustaining the will. On appeal to this court the judgment rendered on that verdict was reversed and the cause re-manded. (*Snyder* v. *Steele,* 287 Ill. 159.) The facts sur-rounding the execution of this will and the relation of the parties are fully set out in that case and need not be re-peated here. This court, in reversing the case, found that a fiduciary relationship existed between Steele and Miss Metz; that as the evidence showed that he wrote the will and was a substantial beneficiary thereunder the presump-tion of undue influence existed, and there being no evidence to overcome that presumption the verdict of the jury could not be sustained. This court also found that there was no evidence of undue influence on the part of the defendants Margaret Bishop and Charles H. Bartlett; also that the evi-dence justified the finding of the jury so far as mental ca-pacity of Miss Metz was concerned. The evidence on these issues was practically the same on the second trial as on the first, except as hereinafter noted. There has been no denial of the existence of a fiduciary relation between Steele and Miss Metz. He was her attorney and transacted a greater portion of her business for her. His answer does not deny the existence of fiduciary relationship. Counsel for appel-lants in their briefs concede that there is no further evi-dence on want of testamentary capacity and that it may be conceded that that issue is not sustained and it is not

urged in this case. Subsequent to the filing of the former opinion of the court in the case, Steele, who was executor under the purported will and is a defendant in this suit, filed his resignation as such executor in the county court of Schuyler county and also filed a relinquishment of any claim to the $5000 legacy bequeathed to him by the will. Thereupon his counsel moved that he be dismissed out of the case, which motion was granted over the objection of appellants. Appellants thereafter filed a supplemental bill, making Steele a party defendant on the ground that costs having accrued on the former hearing he should be made a party in order that eventually a judgment would be rendered against him if against other proponents of the will. This supplemental bill was demurred to and the demurrer was sustained, and the order of the court sustaining this demurrer is urged here as error.

The cause came on for re-trial at the April term, 1921, of the circuit court, and a verdict was returned by the jury upholding the will. On this trial of the cause proponents offered Steele as a witness. Appellants objected to his competency, and on that question a preliminary examination of Steele was conducted by both proponents and contestants. It was shown by answers to questions of contestants' counsel that Steele had been a beneficiary under the will to the extent of $5000 and had been named as executor and trustee under the will, and contestants thereupon objected to his competency. In rebuttal, proponents offered the order of the county court discharging him as executor and of the circuit court dismissing him as a party to the suit, and also his disclaimer of the legacy or interest under the will. His examination also showed that he had qualified as executor, and during the previous trial in the circuit court he had actively participated as a defendant both on the trial and in this court on the appeal and that the same counsel representing other legatees represented him in the case. He stated that he concluded to resign after he had read the

opinion of this court on the previous review; that he did not care to rest under the charge of undue influence on his part. He stated further that his object in resigning as executor and relinquishing his rights as legatee was that the will might be sustained. He was thereupon permitted to testify, and the ruling of the court in this regard is assigned as error.

The general rule is that in order to disqualify a witness in such a case he must have a legal, certain and immediate interest in the result of the cause or in the record. (*Stephens* v. *Hoffman,* 263 Ill. 197; *Ackman* v. *Potter,* 239 id. 578.) It cannot be doubted that after his resignation, disclaimer and dismissal out of the suit Steele had no interest in the lawsuit so far as the record showed. Section 7 of the Evidence act, however, provides that "in any civil action, suit or proceeding, no person who would, if a party thereto, be incompetent to testify therein under the provisions of section 2 or section 3, shall become competent by reason of any assignment or release of his claim, made for the purpose of allowing such person to testify," and the claim is made here by appellants that the record shows that in this case Steele resigned as executor and relinquished as legatee for the purpose, only, of testifying. The rule is that there must be some direct evidence in the record that such person released his rights for the purpose of testifying. (*Stephens* v. *Hoffman, supra.*) This, however, does not mean that such purpose must be shown by statements or admissions on the part of one seeking to testify. To so hold would render that section of the statute ineffective. The record, however, should show facts and circumstances which by their reasonable intendment and inference demonstrate that the release was made for the purpose of permitting the party making it to testify.

As we have noted, Steele's testimony was practically the only additional testimony offered over that produced at the first trial. The facts which the appellants urge as showing

that he resigned as executor and relinquished his interest as legatee for the purpose of testifying were, that this was not done until after the decision of this court on former hearing on review; that during the first trial he was actively engaged in prosecuting the defense as executor and legatee; that his counsel in the case were the same as counsel for Charles H. Bartlett, the residuary legatee; that three days before his resignation as executor was filed in the county court Bartlett signed and acknowledged in St. Louis, where he resides, a petition reciting that Steele had resigned and asking that Thomas W. Sweeney be appointed administrator *de bonis non* with the will annexed. Appellants urge that the relationship between Steele and Bartlett and the fact that Bartlett signed an application for the appointment of Sweeney as administrator previous to Steele's resignation indicate an understanding between them that though Steele relinquished his rights as legatee he may yet procure the same from Bartlett. Counsel for appellants, however, admit there is no direct evidence of such an agreement between them. Steele stated in his examination that he resigned and released his rights in order that the will might stand. We are unable to see in what manner his resignation and release, of themselves, affected the question whether the will would stand or fall or changed the record made on the first or second trial except by his testimony. This court found that on the issue of undue influence exercised by Steele there was no evidence overcoming the presumption of such undue influence. As to the issue of attestation in the presence of the testatrix, this court on the previous review found that the evidence did not show that the attestation complied with the statute.

As we have indicated, the only difference in the testimony in the two trials on the above points, aside from minor differences of no consequence in the testimony as to attestation, is the testimony of Steele. The only way, therefore, in which his resignation and relinquishment could save

the will would be by his testifying. Could the necessary testimony have been produced from other sources there would have been no reason for his relinquishing and resigning in order to save the will. The question involved in such an issue is whether, in the words of the statute, he resigned and released his rights for the purpose of testifying. Though he may have desired to testify in order to save the rights of other legatees, such fact can make no difference as to his competency. What. may. have been his motive for wanting to testify is immaterial. If he withdraws for the purpose of testifying he is disqualified though his reasons for wanting to do so are wholly unselfish. He stated on his examination as to his competency that he did not want to rest under the charge of undue influence. He went through the first trial under what he has characterized as the charge of undue influence and took an active part in the trial, qualified and acted as executor throughout, and did not resign until after the decision of this court on the former review. His release and resignation do not, of themselves, affect the charge of undue influence. So far as shown by this record, the only testimony by which the presumption of undue influence can be refuted is that of Steele himself. It may be that he is unfortunately situated in that regard, but it is apparent from the evidence in two trials that his resignation and release would in nowise affect the record concerning undue influence except he testify. We do not hold that one cannot testify concerning a charge of undue influence against him where he has released his rights and is dismissed out of the case, where it is not shown by the evidence to have been done for the purpose of testifying. No hard and fast rule can be laid down concerning the proof necessary to show such purpose. We have reviewed the acts and statements of Steele for the purpose. of determining whether or not from all reasonable inference they constitute sufficient evidence that his resignation and release were for the purpose of testifying, and

we are unable to escape the conviction that the evidence does so show.

Counsel have cited cases wherein it was held that a party releasing as legatee or devisee or resigning as executor is competent to testify. Those cases depend upon the particular facts showing that the witness had resigned or relinquished at the earliest possible moment, or other circumstances tending to show that he did not so act for the purpose of testifying. We are of the opinion that such is not the condition of this record, and that the testimony of Steele was not and cannot become competent. This leaves the record in practically the same condition it was on the former hearing in this court.

Appellees contend, however, that even though this court were to hold that the presumption of undue influence was not overcome as to the legacy of Steele, nevertheless the will should stand as to all other legacies not affected by undue influence, and their counsel urge that such holding is justified by the language of this court on the former hearing, wherein it is stated: "The devise of the life estate to Mrs. Bishop and the bequest and residuary devise to Dr. Bartlett are not subject to the presumption of undue influence, but as to the bequest to Steele the legal presumption of undue influence is in no way rebutted." The language of the opinion does not warrant the construction sought to be placed upon it by counsel. The bill in this case charged undue influence on the part of Mrs. Bishop, Dr. Bartlett and Steele,—all beneficiaries. The opinion in the former case holds that there was no evidence showing undue influence on the part of Mrs. Bishop and Dr. Bartlett, but that by reason of the fiduciary relationship existing between Miss Metz and Steele, and the fact that he wrote the will, the presumption of undue influence existed as to him. This is not to be construed as holding that a will may be held to be part good and part bad by reason of undue influence of one of the beneficiaries. Appellees' counsel cite cases from

other jurisdictions as sustaining their view on this point. The greater weight of authority, however, is to the contrary, and in this State the rule is that where the execution of a will is shown to be the result of undue influence exercised by a beneficiary the contestants are entitled to a verdict. (*Weston* v. *Teufel*, 213 Ill. 291; *Gum* v. *Reep*, 275 id. 503; *Teter* v. *Spooner*, 279 id. 39.) Under the statute the issue before the jury is whether or not the purported will is the will of the testator, and the question is as to the validity of the will as a whole. Testimony which defeats one defendant, one devisee or one legatee defeats all, and a judgment against one is necessarily a judgment against all. *McCune* v. *Reynolds*, 288 Ill. 188; *Campbell* v. *Campbell*, 138 id. 612; *McMillan* v. *McDill*, 110 id. 47.

The decree is reversed and the cause remanded.

*Reversed and remanded.*

---

(No. 14467.—Judgment affirmed.)
THE PEOPLE ex rel. M. M. Stephens et al. Appellees, vs.
FRANK HOLTEN et al.—(JOHN HAY, Appellant.)

*Opinion filed October 21, 1922.*