(No. 52591.-

GERTRUDE R. WILLIAMS, Appellant, v. JERALD A. CRICKMAN, Ex'r, *et al.*, Appellees.

*Opinion filed May 30, 1980.*

Phillip B. Lenzini, of Peoria (Kavanagh, Scully, Sudow, White & Frederick, of counsel), for appellant.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur (Wayne L. Bickes, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Gertrude R. Williams, a residuary legatee under an instrument admitted to probate purporting to

be the last will and testament of Florence M. East, filed a will contest in the circuit court of Piatt County. In the action, she sought a declaration that one paragraph in the instrument, allegedly executed as a result of the undue influence of defendant Jerald A. Crickman and decedent's attorney, Wayne L. Bickes, is null and void. The circuit court ruled that the sole issue in a will contest is the validity of the instrument as a whole and that it was without authority to invalidate one provision only. In addition, the court found that plaintiff, not an heir of decedent, could take only under the provisions of the instrument and therefore ruled that she was not an interested person under section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1) and dismissed the action with prejudice. The appellate court, relying upon *Snyder v. Steele* (1922), 304 Ill. 387, affirmed the rulings of the circuit court (75 Ill. App. 3d 1105) in an unpublished order issued pursuant to Supreme Court Rule 23 (73 Ill. 2d R. 23). Plaintiff appealed to this court pursuant to Supreme Court Rule 315 (73 Ill. 2d R. 315), and we granted leave to appeal.

Florence M. East, a resident of Piatt County, died on May 17, 1978. On June 1, 1978, defendant Crickman filed a petition for probate of a will and the issuance of letters testamentary in the circuit court of Piatt County. Crickman alleged in his petition that Florence M. East had died testate and that he had been nominated, in a will dated March 14, 1968, as executor of decedent's estate. On July 13, 1978, the court entered an order admitting the instrument to probate and issued letters testamentary to Crickman. Plaintiff, a residuary legatee under the instrument, filed a will contest in the circuit court of Piatt County on October 12, 1978. Plaintiff alleged in her complaint that Crickman had influenced decedent's actions as her farm manager and financial advisor for many years prior to the execution of this instrument. The complaint

further charged that Crickman had employed Wayne L. Bickes, the attorney who drafted decedent's will, as his own attorney for many years prior to the execution of this instrument and that decedent, as a result of her age, health, and business competence, was unable to resist the combined efforts of Crickman and Bickes to influence her to create an option in favor of defendant Crickman to purchase certain farmland. In addition, the complaint charged that both Crickman and Bickes stood in a fiduciary and confidential relationship to decedent and that they had breached their duties in influencing decedent to create the option to purchase at an unconscionably low price. The complaint further charged that the acts of undue influence of Crickman and Bickes affected only that provision in the will which created the option in favor of Crickman.

The instrument which purports to be the last will and testament of decedent contains bequests to various relatives, friends and charitable institutions. The residuary clause of the instrument contains 22 separate provisions for distribution of the residue of decedent's estate. The portion of the instrument which plaintiff seeks to invalidate creates in favor of defendant Crickman an option to purchase 320 acres of farmland alleged by plaintiff to have a value of $1,280,000. The terms of the trust allow defendant Crickman to purchase 320 acres of farmland for a total purchase price of $200,000, to be paid in installments of $8,000 per year, for a period of 26 years, at an interest rate of 3% per annum. The instrument also provides that, if defendant Crickman fails to exercise the option within six months of the death of Miss East or forfeits his interest under the terms of the trust, the property is to be sold and the proceeds distributed among the residuary legatees.

The determination of whether plaintiff is an interested person under section 8—1 of our probate act and therefore

eligible to contest the validity of this testamentary instrument turns on the question of whether the relief sought, a declaration of the partial invalidity of the instrument, can be granted. Plaintiff does not desire invalidation of the entire will; as a residuary legatee who is not an heir of decedent, plaintiff would gain only by invalidation of a portion of the will. The narrow issue thus presented by this appeal is whether our courts have the power to declare a testamentary instrument partially invalid under the provisions of our probate act where only part of the instrument is alleged to be the product of undue influence.

Defendant Crickman, in seeking to sustain the judgments of the circuit and appellate courts, relies principally upon the decision of this court in *Snyder v. Steele* (1922), 304 Ill. 387. He argues that our decision in *Snyder* stands for the proposition that section 8—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 8—3) limits the issue in a will contest charging undue influence to the validity of the testamentary instrument in its entirety. Crickman asserts that the only issue presented by this appeal is whether *Snyder* should be overruled. In response to this question, Crickman contends that the construction of our probate act in *Snyder,* and the subsequent reenactment of substantially similar provisions by the legislature, presents us with a question left properly to legislative determination. In support of this position, Crickman relies upon the well-settled principle of statutory construction that the reenactment of a statute which has been judicially construed is an adoption of the construction by the legislature, since the legislature is presumed to know the construction given and, by reenactment, is assumed to have intended the new statute to have the same effect.

Plaintiff argues, relying principally upon the decision of this court in *Wolf v. Bollinger* (1872), 62 Ill. 368, that the power to determine whether the instrument produced is the will of the testator includes the power to pass upon

the validity of part of the instrument as well as the whole. Plaintiff contends that our decision in *Wolf*, a case which construed language substantially similar to the language contained in section 8—3 of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 8—3) is determinative of whether our courts have the power to declare part of a testamentary instrument invalid. In support of this position, plaintiff points to the decisions of this court in which specific provisions of a will were declared invalid and the remaining portions were allowed to stand. See *Beal v. Higgins* (1921), 299 Ill. 229 (invalidation of a dispository provision under the rule against perpetuities); *Wood v. Wood* (1914), 263 Ill. 285 (invalidation of a fraudulently inserted provision designating an individual as heir); *Wombacher v. Barthelme* (1902), 194 Ill. 425 (invalidation of a provision naming the executor because of improper insertion); *Lawrence v. Smith* (1896), 163 Ill. 149 (invalidation of a dispository provision under the rule against perpetuities).

We agree with defendant that " 'the legislature is presumed to know the construction the statute has been given, and by re-enactment, is assumed to have intended for the new statute to have the same effect.' " (*Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 513, quoting *People ex rel. County of Kane v. Crawford* (1971), 48 Ill. 2d 227, 230.) We also agree that considerations of *stare decisis* weigh heavily in the area of statutory construction, especially where the legislature is free to change court interpretations of its legislation. In determining whether a case is binding, however, this court has the power and the duty under the doctrine of *stare decisis* to reexamine pertinent legal concepts. (*Bradley v. Fox* (1955), 7 Ill. 2d 106, 111.) We agree with plaintiff that where the court has itself adopted conflicting interpretations of the same statute, the duty of the court in such a case is to clarify and resolve its previous decisions,

and we should not assume that the legislature has approved an interpretation which is obviously conflicting.

In the case relied upon by Crickman, *Snyder v. Steele,* defendant Steele, an attorney, had drafted an instrument in which he was named executor of the estate and a legatee. Plaintiff, an heir of decedent, sought to have the will declared null and void due to the exertion of undue influence by defendant. In the first appeal in the cause, *Snyder v. Steele* (1919), 287 Ill. 159, the court set aside a verdict of the jury which sustained the validity of the will. The court held that a fiduciary relationship existed between defendant and the testator, that a presumption of undue influence existed, and that there was no evidence to rebut this presumption. In addition, the court held that the evidence did not show that the will was attested in the manner prescribed by statute, and the cause was remanded for a new trial.

Subsequent to this appeal, defendant Steele resigned as executor of the estate and renounced his legacy under the instrument. On remand, the probate court allowed Steele to testify, and the jury returned a verdict sustaining the validity of the will. On appeal, this court held in *Snyder v. Steele* (1922), 304 Ill. 387, 390-93, that section 7 of the evidence act (Smith's Ill. Rev. Stat. 1921, ch. 51, par. 7) did not permit a witness, otherwise incompetent to testify by virtue of his interests adverse to decedent, to become competent to testify by release of his interest under the will if the release were made for the purpose of testifying.

Notwithstanding the adverse ruling on Steele's effort to testify, other interested parties sought to sustain the validity of the will as to other bequests and argued that only those portions of the will tainted by undue influence should be stricken. The court stated that, under the statute, the sole issue in a will contest is whether or not the instrument "is the will of the testator, and the question is as to the validity of the will as a whole. Testimony which de-

feats one defendant, one devisee or one legatee defeats all, and a judgment against one is necessarily a judgment against all." (304 Ill. 387, 394.) In reaching this conclusion, the court found persuasive prior cases which precluded a legatee under the will from testifying against another unless they held a joint interest. (*McCune v. Reynolds* (1919), 288 Ill. 188; *Campbell v. Campbell* (1891), 138 Ill. 612; *McMillan v. McDill* (1884), 110 Ill. 47.) Under those cases, the testimony of one joint tenant is admissible against all. The court made no reference to *Wolf v. Bollinger* (1872), 62 Ill. 368, and cases similar thereto which allow partial invalidation.

Our examination of the opinion in *Snyder* leads us to conclude that the language of the court which addressed the issue of partial validity of the instrument under the statute is *dicta* and in error. A holding of the court in the first decision in the cause, that the instrument in question had not been attested to in the manner prescribed by the statute, renders superfluous the discussion of partial validity in the second decision; there was no competent evidence presented at the second trial of the cause on the question of attestation which would warrant a different conclusion on that issue. It is true that this *dicta* is entitled to consideration by the court as persuasive, but it is not binding authority within the rule of *stare decisis. Department of Public Works & Buildings v. Butler Co.* (1958), 13 Ill. 2d 537, 545.

We are not, however, persuaded by the reasoning employed by the court on the question of partial invalidity. In refusing to recognize the possibility of a partial invalidation, the court stated that "the greater weight of authority," including Illinois precedents, suggested the view that the will could only be passed upon as a whole. (*Snyder v. Steele* (1922), 304 Ill. 387, 394.) Our review of the decisions of other jurisdictions (see Annot., 64 A.L.R.3d 261 (1975)) and the decisions of this State which preceded

*Snyder,* beginning with *Wolf v. Bollinger* (1872), 62 Ill. 368, reveals that this statement is erroneous. (See *Beal v. Higgins* (1921), 299 Ill. 229; *Wood v. Wood* (1914), 263 Ill. 285; *Wombacher v. Barthelme* (1902), 194 Ill. 425; *Lawrence v. Smith* (1896), 163 Ill. 149.) As one writer said of *Snyder's* reference to other authorities, "No case has been found in any other jurisdiction to warrant such an assertion." (See Note, *Wills—Undue influence —Only Clauses Affected Invalidated,* 32 Yale L.J. 294 (1923).) That the reasoning in *Snyder* was in accord with *dicta* in *Teter v. Spooner* (1917), 279 Ill. 39, *Gum v. Reep* (1916), 275 Ill. 503, and *Weston v. Teufel* (1904), 213 Ill. 291, will not serve to support the proposition stated. (See 1 W. Page, Wills sec. 15.12, at 742 n.9 (3d rev. ed. 1960).) Further, the court's reliance upon a rule of evidence which allows a joint tenant to testify against other joint tenants so as to defeat their interests under a will was not proper.

Section 8—3 of the Probate Act of 1975 provides in relevant part:

> "An issue shall be made whether or not the instrument produced is the will of the testator." (Ill. Rev. Stat. 1977, ch. 110½, par. 8—3.)

Substantially similar language was construed in *Wolf v. Bollinger* (1872), 62 Ill. 368, 371, wherein this court stated:

> "It is said that, under this sixth section, the issue is to be, whether the writing produced and probated is the will of the testator or not; that the instrument can only be passed upon as a whole, and that the court cannot adjudge a part to be, and a part not to be, the will of the testator. But this is a distinction which is only verbal; it does not exist in reason.
>
> The power to try and determine whether the writing produced be the will of the testator or not,

includes the power to adjudge upon the validity of any part of the instrument, as well as the whole." Consistent with this construction, cases both before and after *Snyder* have recognized that part of an instrument may be declared invalid and the remainder allowed to stand where the invalid portions can be separated from the instrument as a whole without defeating the intent of the testator. (See *Millikin National Bank v. Wilson* (1931), 343 Ill. 55, 64-65; *Easton v. Hall* (1926), 323 Ill. 397, 422-23; *Beal v. Higgins* (1921), 299 Ill. 229, 233-35; *Wood v. Wood* (1914), 263 Ill. 285, 292; *Wombacher v. Barthelme* (1902), 194 Ill. 425, 429-31; *Lawrence v. Smith* (1896), 163 Ill. 149, 162-66; *Wolf v. Bollinger* (1872), 62 Ill. 368, 371.) We agree with plaintiff, for example, that if the contested provisions were fraudulently inserted by a third party, the court would have the power to deny probate to that provision alone (*Wood v. Wood* (1914), 263 Ill. 285). We can perceive no logical reason for treating those provisions of a will alleged to be the product of undue influence in a different manner. We therefore hold that, in a will contest in which it is alleged that part of a will is a product of undue influence, those portions of the will alleged to be the product of undue influence may be stricken and the remainder of the will allowed to stand if those portions of the will can be separated without defeating the testator's intent or destroying the testamentary scheme. "The validity of any portion of a will may be passed upon." (3 W. James, Illinois Probate Law & Procedure sec. 90.9, at 129 (1951), citing *Wolf v. Bollinger* (1872), 62 Ill. 368, and *Wood v. Wood* (1914), 263 Ill. 285. Accord, 1 H. Horner, Probate Practice & Estates sec. 95, at 194 (4th ed. 1976); C. McCulloch & F. McCulloch, Manual of the Law of Will Contests in Illinois sec. 72, at 40 (1929).) As is stated by Page, the key inquiry in determining whether partial invalidation should be allowed is whether the undue influence affected only a limited portion of the will and

whether the testator would have intended that the entire will fail because of the invalidation of one provision:

"If a part of the will is caused by undue influence, and such undue influence does not affect the remaining provisions of the will, the validity of the provisions which are not caused by such undue influence depends, in part, on whether it is possible to ascertain which portions are caused by the undue influence, and whether such portions, if ascertained, can be held to be invalid without destroying the intention of the testator. If it is not practicable to ascertain what portions of the will were caused by undue influence and what were free from it, or if effect cannot be given to such provisions as are not caused by undue influence, without defeating the intention of the testator, the entire will is invalid.

\*\*\*

Where it can be shown that a part of the will was caused by undue influence, and that the rest of the will was not caused thereby, and the part of such will caused by undue influence can be separated from the rest, leaving it intelligible and complete in itself, it is held in most states, that only such part of the will as is caused by undue influence is invalid, and the rest is valid." (1 W. Page, Wills sec. 15.12, at 741 (3d rev. ed. (1960), citing, *inter alia, Wombacher v. Barthelme* (1902), 194 Ill. 425.)

On remand, the circuit court should consider these questions as they relate to this case, *i.e.,* whether the alleged undue influence affected only the provision granting the option to defendant Crickman and, if so, whether invalidation of that provision would defeat the entire testamentary scheme as intended by Miss East.

We accordingly hold that plaintiff, who as a residuary

legatee would benefit from partial invalidation of this instrument, is an interested person within the meaning of the Probate Act of 1975. To the extent that *Snyder v. Steele* (1922), 304 Ill. 387, is inconsistent with our decision herein, it is overruled. The rule expressed in the *Snyder* case is one which would effectively immunize from judicial scrutiny the unconscionable overreachings of those in a fiduciary relationship to a testator, and it is a rule which, under equitable principles, should not be countenanced. Our probate act should not be construed in such a way as to facilitate its use as a means by which a fiduciary can defraud those who hold him in confidence; "the door to relief should not be closed and the opportunity to show the wrong should not be denied" (5 A. Scott, Trusts sec. 489.6, at 3488 (3d ed. 1967)). Under the facts here alleged, the circuit court improperly dismissed plaintiff's will contest; a cause of action for partial invalidation is stated and is recognized in Illinois.

The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court of Piatt County for further proceedings not inconsistent with the views expressed herein.

*Judgments reversed;*
*cause remanded.*