DAUGHERTY v. DAUGHERTY. (No. 7807.)

(Court of Civil Appeals of Texas. Dallas. Nov. 10, 1917.)

1. APPEAL AND ERROR ⊜➡1032(1)—FAILURE TO FILE CONCLUSIONS OF LAW AND FACT.

Ordinarily failure of the trial judge to file his conclusions of law and fact where proper request is made is ground for reversal, unless the record shows that the failure resulted in no injury to appellant.

2. DIVORCE ⊜➡184(12) — HARMLESS ERROR — FAILURE TO FILE CONCLUSIONS OF LAW AND FACT.

In a wife's divorce suit, where the statement of facts showed defendant husband was insane while the parties lived separate and apart, and was hopelessly insane at the time of trial, the court could legally only render verdict denying the petition, and its failure to file conclusions of law and fact, though requested, was harmless to the appellant wife.

3. DIVORCE ⊜➡23—INSANITY—STATUTE.

Rev. St. 1911, art. 4632, as amended by Acts 33d Leg. c. 97 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4632), providing that the act relative to divorce shall not apply to any case where either the husband or wife is insane, is an absolute prohibition against the granting of divorce in any case where either party is insane, no matter upon what ground the divorce is sought.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit for divorce by Mrs. L. J. Daugherty against S. H. Daugherty. From a judgment for defendant, plaintiff appeals. Judgment affirmed.

J. M. Terrell and A. U. Puckett, both of Dallas, and Lee R. Stroud, of Kaufman, for appellant.

RAINEY, C. J. Appellant sued appellee for divorce from the bond of matrimony, alleging cruel treatment before the insanity of appellee and that they had lived separate and apart for more than 10 years, as prescribed by the act of the Legislature of 1913 (Acts 33d Leg. c. 97). The trial court denied the petition for divorce, and rendered judgment accordingly.

A request was made by appellant to the trial judge for the filing of the court's conclusions of law and fact, which the court promised to prepare, but failed to do so; therefore none appear in the transcript.

There is a statement of facts appearing in the record which shows that appellee was guilty of cruel treatment toward his wife before he became insane, but also shows that after that he became insane and had been confined in the insane asylum at Terrell, Tex., ever since for the period of 24 years, and that they had not met for the space of 10 years.

[1, 2] The first ground sought for reversal of this case is the failure of the trial judge to file his conclusions of law and fact. Ordinarily such a failure to do so by the judge, where the proper request is made, is a sufficient ground for a reversal, unless the record shows that by so failing no injury has resulted to appellant. We think no injury resulted to appellant by the failure to file such conclusions. The statement of facts show that appellee was insane during the time they so lived separate and apart from each other, and that he was hopelessly insane at the time of trial. Such being the case, the trial court could not legally render any other verdict. Therefore the filing of conclusions of law and fact could not have availed anything to the benefit of appellant.

The third assignment of error is:

"Since it was only the intention of the law to make the insanity of the defendant an excuse for the plaintiff's grievances or wrongs which constitute grounds for divorce, and since the new ground for divorce in the amendatory act of 1913 intends to provide for a divorce where the parties have not lived together for so long as 10 years, the question of cruel treatment or wrongful desertion or other grievance becomes immaterial in this new grounds for divorce, and only requires allegation and proof that the spouses have not lived or cohabited together for 10 years prior to the suit. It is error to refuse a divorce when the proof clearly shows (regardless of other statutory grounds) that the parties have not lived together for a period of 24 years."

Under this assignment is submitted the following proposition:

"When a clause of a statute prohibits the granting of a divorce where it appears that a party to the suit is insane, but the clause is immediately followed by a proviso that, where the parties have lived separate for ten years, it shall be a ground for a divorce, the proviso in such case will control the clause which it immediately follows."

Article 4632, R. S. 1911, as amended in 1913 (Acts 33d Leg. c. 97 [Vernon's Sayles' Ann. Civ. St. 1914, art. 4632]) reads:

"*Plaintiff Must be Resident; Suit Not to be Heard Within 30 Days; Remarriage; Divorce Where Marriage was to Escape Penalties for Seduction; Additional Ground for Divorce.*—No suit for divorce from the bonds of matrimony shall be maintained in the courts of this state unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit; provided, that such suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed; and provided, further, that neither party to a divorce suit, wherein a divorce is granted upon the ground of cruel treatment, shall marry any other person for a period of twelve months next after such divorce is granted, but the parties so divorced may marry each other at any time upon obtaining a license as provided in article 4610: Provided that where a man marries the woman who he seduces to escape penalties of the law punishing for seduction, the man shall not be entitled to a divorce for any cause within three years after such marriage, provided that this act shall not apply to any case where either the husband or wife is insane:

"Provided further that in addition to the grounds for divorce now provided by statute, that where any husband and wife have lived apart without cohabitation for as long as ten years, the same shall be sufficient grounds for divorce."

The provision relative to living apart without cohabitation for as long as ten years only added another ground to those prescribed by the statutes, and, following the proviso just preceding reading, "Provided that this act shall not apply to any case where either the husband or wife is insane," said ten-year provision, as well as all other grounds prescribed by the statute, falls within the insanity prohibition, and when insanity exists a divorce will be denied.

[3] We construe the statute to mean an absolute prohibition against the granting of a divorce in any case where either party is insane, it matters not upon what ground it is sought.

Therefore the judgment is affirmed.