## JORDAN v. JORDAN. (No. 6713.)

(Court of Civil Appeals of Texas. Austin. Nov. 28, 1923.)

**1. Divorce ⬤⟶43—May be maintained against insane defendant, where grounds therefor arose before insanity.**

An action for divorce may be maintained against an insane defendant, represented by a guardian ad litem, where the acts constituting the ground for divorce were committed by such defendant prior to becoming insane.

**2. Appeal and error ⬤⟶1175(7)—Rule stated as to judgment on appeal from decision based on rule subsequently reversed by Supreme Court.**

Where the decision of the trial court was based on a rule subsequently reversed by an opinion of the .Supreme Court, and there is no dispute as to the facts in the case, it is the duty of the appellate court, under Rev. Stats. art. 1626, to reverse and render judgment for appellant.

Appeal from District Court, Williamson County; James R. Hamilton, Judge.

Action for divorce by Elmo T. Jordan against Roxy Ester Jordan. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Harry A. Dolan, of Taylor, for appellant.
Luke Mankin, of Georgetown, for appellee.

BAUGH, J. [1] This was a suit for ·divorce brought by the appellant in the criminal district court of Williamson county. Appellant and appellee were married on or about the 21st day of September, 1913, and the appellee permanently abandoned appellant, without fault on his part, on or about the 19th of April, 1915. Appellee was adjudged to be insane on September 15, 1918, and was insane when the suit was filed, when cited, and when the cause was heard before the trial court in January, 1923. The court, after finding all the facts which would entitle the appellant to a divorce, except for the question of insanity, filed the following conclusions of law:

"Under the law as laid down in the case of Daugherty v. Daugherty (Tex. Civ. App.) 198 S. W. 985, which holds that, where either the husband or wife is insane, it is an absolute prohibition against the granting of divorce in any case, no matter upon what grounds the divorce is sought—the court concludes that a divorce cannot be granted the plaintiff in this case, although, under the above facts, the plaintiff's cause of action arose and matured prior to the time that the defendant became in-sane, and, although under the provisions of article 4631, subd. No. 2, of the Revised Statutes of the state of Texas, 1914, a divorce would ordinarily be granted."

The conclusion reached by the court, and his refusal to grant the appellant divorce, was error.

In the case of Wilemon v. Wilemon, 112 Tex. 586, 250 S. W. 1010, in an able opinion written by Judge Hamilton of the Commission of Appeals, in answer to a certified question on this point, the court uses the following language:

"That an action for divorce may be maintained against an insane defendant, represented by guardian ad litem, where the acts constituting the ground for divorce were committed by such defendant prior to his becoming insane, is sustained by the highest authority."

[2] This opinion was adopted by the Supreme Court, and settles specifically the question raised in this case. The appellee in this case was represented at the trial by a guardian ad litem duly appointed, and the trial court denied appellant a divorce on the sole ground that the defendant was insane at the time. He could not have done otherwise under the decisions of the appellate courts then controlling. Since then, however, the rule laid down in the Daugherty Case has been reversed by the opinion of the Supreme Court in the Wilemon Case. There being no dispute as to the facts in the case, it is the duty of this court, under article 1626, Revised Statutes, to reverse and render it. The judgment ˙of the trial court is therefore reversed, and judgment rendered in favor of appellant, granting him divorce from appellee as prayed for in his petition.

Reversed and rendered.