## YOUNG v. YOUNG.
### No. 7621.

Court of Civil Appeals of Texas. Austin.
June 24, 1931.

Allen & Wofford, of Taylor, for appellant.
D. B. Wood, of Georgetown, for appellee.

BLAIR, J.

Appellant sued appellee for divorce, alleging cruel treatment as grounds therefor; also alleging that July 1, 1920, appellee was adjudged to be of unsound mind and has continuously remained so, and is now confined in the State Hospital for Insane at Austin; but that the acts of cruelty relied upon for divorce occurred while appellee was sane and prior to the time he was adjudged insane.

The trial court sustained all facts above alleged; but refused the divorce on the ground that the present divorce statutes prohibit the granting of a divorce while either spouse is insane; hence this appeal.

The question of whether a divorce may be granted while either spouse is insane has arisen from the fact that the codifiers of the 1925 Revised Statutes grouped all grounds for divorce provided in articles 4631, R. S. 1911, with the provisions and limitations of articles 4632, R. S. 1911, as amended in 1913, in article 4629, R. S. 1925, prefacing this article with the following language: "Except where the husband or wife is insane, a divorce may be decreed in the following cases" (here follow the five grounds for divorce).

In the case of Wilemon v. Wilemon, 112 Tex. 586, 250 S. W. 1010, the Supreme Court construed articles 4631 and 4632, as amended in 1913, holding that a divorce might be

granted against an insane spouse where the grounds therefor arose prior to insanity, except in cases where the ground for divorce was the ten-year separation statute.

The history of the above statutes and the court decisions thereon are reviewed by Judge Speer in his recent book on the Law of Marital Rights in Texas, and the following language of section 607 states our conclusion that a divorce may not now be granted where either spouse is insane:

"Insanity, it has been seen, is not a ground for divorce. On the contrary in adopting an amendment to our divorce statutes, making ten years living apart without cohabitation a ground for divorce, it was expressly provided the act should not apply where either party was insane. Under this amendment the Supreme Court held that the provision that the act had no application where either party was insane related only to the ten year ground amendment and did not operate to affect cases based upon other grounds. It had previously been held under the 1913 act that no divorce could be granted where either party was insane at the time. But the rule announced by the Supreme Court in the Wilemon-Wilemon Case has been followed allowing a divorce against an insane spouse where the ground arose prior to the insanity and was other than the ten years' separation. It has also been held, upon a review of the authorities up to that time, that an insane wife cannot, either in her own name or by next friend, maintain a suit for divorce at all.

"But a new aspect is put upon the entire situation by the act of codification, 1925. By that act all grounds for divorce are enumerated in one article (art. 4629) and the same are preceded by the following introductory clause: 'Except where the husband or wife is insane, a divorce may be decreed in the following cases:' No divorce can be granted save where it is authorized by statute. It is clear that where either husband or wife is insane, is excepted from all divorce statutes, and that in such case no decree can be granted upon any ground. The rule that a re-enactment of a statute carries with it the construction previously placed thereon by the Supreme Court can have no application. It is true the Supreme Court had construed the insanity proviso as applying only to the ten year separation ground in the 1913 amendment. But the act of the legislature in recodifying the statutes was not a re-enact-ment of the divorce laws as they formerly stood, but the insanity provision was placed as an exception to all divorce grounds and in this new connection, it has an entirely different meaning. The courts are not concerned with the wisdom of a legislative act if it be within the constitutional limits of power. That no decree of divorce ever shall be granted during the insanity of one of the spouses is well within the legislative prerogative."

There is no ambiguity in article 4629, R. S. 1925, and it expressly prohibits the granting of a divorce on any statutory ground while either spouse is insane. Nor can there be any question that this statute is now the law controlling the question presented. In American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019, 1025, the Supreme Court held that the Revised Statutes "are the law, and are to be looked to with safety and confidence by the citizens; nor need one, under the rules of construction shown in the authorities cited, look into the original acts, except to explain ambiguities in the Code."

Nor did the fact that appellant may have been entitled to a divorce under the law as it existed between 1920, the date her cause of action accrued, and 1925, when the statutes were revised and amended so as to preclude a divorce while either spouse is insane, vest in appellee any right to the divorce which the Legislature might not by statute take away. Our view on this question is expressed in 9 R. C. L., § 9, p. 250, as follows: "A right conferred by statute to a divorce for misconduct on the part of one of the spouses seems to be a matter of mere grace and not a vested right which the legislature may not take away. As has been said, no married person is vested with a 'legal right' to a divorce, for divorces are allowed neither as a punishment of the offending nor as a favor to the innocent party, but because the state believes its own prosperity will be promoted thereby. Therefore, a statute repealing all divorce laws and thereby depriving the courts of jurisdiction to grant divorce under existing laws has been held constitutional even as applied to pending actions. Such a repealing statute does not impair any contractual obligation or unconstitutionally take away any vested right."

The judgment of the trial court is affirmed.

Affirmed.