## POWELL v. POWELL.
### No. 4425.

Court of Civil Appeals of Texas. Beaumont.
Dec. 31, 1946.

Harold R. Clayton, of Pt. Arthur, for appellant.

Jack Voyles, of Pt. Arthur, for appellee.

WALKER, Justice.

Helen Powell brought this suit against her husband, Clarence Powell, to procure a divorce and the custody of two children, aged respectively 11 and 13 years, and for other relief.

Plaintiff alleged that she and defendant were married on or about October 1, 1931, and lived together thereafter until January 15, 1941, when they "were separated" permanently. As ground for divorce, she plead ill treatment of her by defendant, rendering the parties' living together insupportable.

She also alleged "that defendant has been legally adjudged to be insane, and is now an inmate of the Insane Asylum at Rusk—and has been in such insane asylum for approximately two years" (the petition

was filed on July 10, 1946); but she plead further that her cause of action for divorce arose "a short time prior to the date defendant was adjudged to be insane."

The trial court appointed a guardian ad litem for defendant, who filed answer in defendant's behalf; and on August 27, 1946, the trial court rendered judgment denying plaintiff a divorce. The following quotation from this judgment exhibits such fact findings as the trial court made, and states the grounds on which that court acted:

"On this the 27th day of August, 1946, came on to be heard the above entitled and numbered cause, and it having been shown unto the Court that Defendant, Clarence Powell, is insane, and is confined in the insane asylum at Rusk, Texas; and the Court thereupon appointed Jack Voyles a licensed and practicing attorney of Port Arthur, Jefferson County, Texas, as guardian ad litem to represent defendant; and came the plaintiff in person and by and through her attorney of record, and came Jack Voyles, guardian ad litem; and all parties having announced ready for trial, and a jury being waived, the cause was submitted to the Court; and the Court having read the pleadings and having heard the argument of counsel and the testimony, finds that on the 15th of February, 1945, Clarence Powell, defendant herein, was adjudged to be insane by the County Judge of Jefferson County, Texas; that plaintiff, Helen Powell, is entitled to a divorce from defendant under Section 1 of Article 4629 of Texas Revised Civil Statutes; and the Court further finds that the acts of cruelty on the part of defendant occurred prior to the date of adjudication of defendant's insanity.

"The Court is of the opinion that under the provisions of Article 4629, Texas Revised Civil Statutes, as amended by Acts 1941, 47th Legislature, p. 383, ch. 214, Vernon's Ann.Civ.St. art. 4629, the Court is without authority to grant a divorce, even though the acts of cruelty on the part of defendant occurred prior to the date of adjudication of his insanity; and for that sole reason, the Court is of the opinion that a divorce should be denied.

"It is, therefore, accordingly ordered, adjudged and decreed that a divorce be denied plaintiff, and that all costs in this behalf expended be assessed against the plaintiff * * *".

Plaintiff took this appeal from this judgment and assigns one Point of Error for reversal. She says that there is no statutory prohibition against divorce from an insane spouse, and that a prayer for divorce under Section 1 of Art. 4629, for cruel treatment occurring before the defendant spouse became insane, may now be granted despite the lunacy of the defendant when the suit is filed, or afterward.

The guardian cites the possibility that a plaintiff in divorce will impose upon the insane spouse and upon the trial court, too, knowledge of the facts respecting the grounds of divorce being often confined to the parties and inaccessible except from the particular plaintiff; and says further that Art. 4629, as amended by Acts 1941, 47th Leg., p. 383, Ch. 214, must be construed in the light of the history of Art. 4629, and that when so construed, Section 6 thereof, added thereto by the aforesaid Act of 1941, must be held to be exclusive and to provide the only instance where divorce may be granted from a spouse who is insane when the suit is filed or tried.

We sustain plaintiff's Point of Error. We shall first refer to statutes preceding the Act of 1941, and then, to our construction of Art. 4629 as amended by said Act.

Under the Code of 1911, the grounds of divorce, as distinguished from annulment, were set out in Art. 4631; but in 1913, Art. 4632 of that Code was amended by Ch. 97, Gen.Laws 1913, p. 183, so as to provide an additional ground of divorce (separation for ten years). This amendatory Act contained a provise that "This Act shall not apply to any case where either the husband or wife is insane"; and it was held by the Court of Civil Appeals in Daugherty v. Daugherty, Tex.Civ.App., 198 S.W. 985, that divorce from an insane spouse could not be granted even though the cause of action (cruel treatment) accrued before defendant became insane. And see Skeen v. Skeen, Tex.Civ.App., 190 S.W. 1118; White v. Holland, Tex.Civ.App., 229 S.W.

611, page 613; McNabb v. McNabb, Tex.Civ.App., 250 S.W. 434 (dissenting opinion).

This contruction was overruled in Wilemon v. Wilemon, 112 Tex. 586, 250 S.W. 1010, wherein it was held that the proviso quoted above operated only upon the particular ground for divorce (ten year separation) expressed in Art. 4632, R.S. 1911, as amended by the Act of 1913, and that as regards other grounds of divorce which accrued against the defendant before the defendant became insane, the plaintiff spouse had the same right to relief against the insane spouse as one has at common law against an insane defendant upon causes of action which antedate the defendant's insanity. This construction was followed in Jordan v. Jordan. Tex.Civ.App., 257 S.W. 569.

The 1925 Code collected and expressed in Art. 4629, R.S. 1925, all of the various grounds of divorce, and from each ground was excepted the case of the insane spouse. This result was accomplished by the opening words of Art. 4629, reading: "Except where the husband or wife is insane, a divorce may be decreed in the following cases * * *" Under this provision it was of no significance that a cause of action for divorce had vested before the defendant became insane; the controlling fact, requiring that the divorce be denied, was the defendant's insanity when the suit was tried. Young v. Young, Tex.Civ.App., 41 S.W.2d 367.

However, in 1941, Art, 4629, R.S. 1925, was amended by the statute to which we referred above. Under this amendment, the exception of the case of the insane spouse was omitted. In lieu thereof, Art. 4629 now opens with the following language: "A divorce may be decreed in the following cases * * *", and six grounds of divorce are then set out, in numbered paragraphs. Insanity of a spouse is referred to only in paragraph 6; and it has there been made a separate ground of divorce, under certain limitations.

We can not agree with the guardian ad litem that Section 6 of Article 4629, as amended, should be construed to be the only instance of divorce from a spouse who happens to be insane at the time of suit. Consideration of the amendatory Act of 1941 as a whole, including the preamble and emergency clause, shows that Section 6 was added to Art. 4629 to provide a new ground of divorce. It accordingly ought not to be construed so as to make an exception to an limitation upon grounds enacted in the preceding five numbered paragraphs of Art. 4629—except, perhaps, to the extent that the subject matter of Section 6 may be comprehended by other grounds of divorce, and we hold that the subject matter of Section 6 is not comprehended, or involved in Section 1 of Art. 4629, which governs our judgment here. Had the Legislature intended the result for which the guardian contends, they would not have completely expunged the statutory denial of divorce from insane persons which the codifiers inserted in Art. 4629 in 1925. Some significance must be given the deletion in 1941 from Art. 4629 of the words "Except where the husband or wife is insane * * *"; and the Legislature in deleting this provision must have intended that the right to judgment against an insane spouse on a cause of action for divorce antedating the insanity of that spouse should now be regulated by the general rules of the common law upon which the Supreme Court acted in Wilemon v. Wilemon, 112 Tex. 586, 250 S.W. 1010, 1011. Under the reasoning and upon the authority of that decision, we hold that the present suit can be maintained, and that the trial court erred in holding to the contrary.

This conclusion requires a reversal of the trial court's judgment; and plaintiff prays that judgment be now rendered, granting her a divorce from defendant.

■ Under Rule 434, Texas Rules of Civil Procedure, this court can render judgment for divorce in a proper case, upon reversal of a judgment denying a divorce; and it would be a proper case where all essential facts have been found in plaintiff's favor. Jordan v. Jordan, Tex.Civ.App., 257 S.W. 569.

■ The findings before us are recited in the trial court's judgment. The judgment recites "that Plaintiff, Helen Powell, is entitled (except for the single conclusion

of law upon which divorce was denied) to a divorce from Defendant under Section 1 of Art. 4629 of Texas Revised Civil Statutes; and the court further finds that the acts of cruelty on the part of defendant occurred prior to the date of adjudication of Defendant's insanity." No statement of facts is before us, nor is there any complaint made here by the guardian ad litem that the findings just quoted are wrong— if the trial court could grant plaintiff a divorce for conduct occurring before her husband became insane.

From the general finding or conclusion just quoted, we must imply that the cause of action alleged by plaintiff was determined upon its merits and that every fact necessary to support it was found in plaintiff's favor. No cross assignment of error has been filed by the guardian ad litem. The finding that the defendant's acts occurred before adjudication, instead of the earlier date when defendant become insane in fact, does not create any real uncertainty; the trial court obviously understood the question before that court to be whether defendant's conduct occurred before defendant became insane and evidently referred to the date of adjudication instead of the inception of defendant's insanity because there was no evidence of defendant's insanity prior to adjudication.

There is no real matter of fact here remaining to be ascertained, and we may render judgment for divorce in plaintiff's behalf, upon the findings quoted from the trial court's judgment. There seems to have been a general finding of right to divorce (except for a point of law) before the court in Bason v. Bason, Tex.Civ.App., 260 S.W. 687, on which judgment for divorce was eventually rendered.

 The collateral issues respecting the custody of the children and respecting other relief for which plaintiff prayed were not acted upon by the trial court. These matters involve issues which are severable from the issue of divorce, and may be remanded to the trial court for disposition, without remanding the issue of divorce as well. We think this the true sense and meaning of Rule 434, and note that there

is some authority for this procedure under the former statute. Oakland Cemetery Co. v. People's Cemetery Ass'n, Tex.Civ.App., 59 S.W. 289; Smith v. Patrick, Tex.Civ. App., 297 S.W. 482. And see generally: Durham v. Scrivener, Tex.Com.App., 270 S.W. 161.

Judgment of the trial court is therefore reversed, and judgment is rendered granting Helen Powell, plaintiff herein, a divorce from Clarence Powell, defendant herein. All other issues raised by the petition of plaintiff are remanded to the trial court for trial and adjudication.