## ROBINSON v. ROBINSON.
### No. 2574.

Court of Civil Appeals of Texas. Eastland.
Jan. 10, 1947.

A. E. Nabors, of Brownwood, for appellant.

E. M. Davis, of Brownwood, for appellee.

LONG, Justice.

This is a divorce suit instituted by Mamie Glenn Robinson, appellee, against her husband, Frank E. Robinson, appellant, on the ground of cruel treatment.

Appellant and appellee, were married on the 7th day of September, 1940, and permanently separated on March 1, 1944. Thereafter in December, 1944, appellant was adjudged to be insane by the County Court of Brown County and is now confined in the Austin State Hospital. Appellant was not insane during the time he lived with the appellee but became insane thereafter. The appellee does not rely for divorce upon any acts on the part of the defendant that occurred since their separation nor because of his insanity. The evidence amply supports the trial court's findings that the appellant was guilty of cruel treatment toward the appellee and that such cruel treatment occurred prior to the time that the appellant was adjudged to be insane.

The appellant was duly served with citation in this case, and upon the hearing had before the court, he was represented by Hon. A. E. Nabors, an attorney of the Brownwood Bar, who was duly appointed by the court as guardian ad litem to file an answer and represent the appellant on the trial of the case.

It is contended by counsel for the appellant that under the law as it now exists that no divorce can be granted to a wife against an insane husband unless the husband has been duly and legally adjudged to be insane and has been confined in a public or private insane asylum or other institution for psychopathic patients of this state or a sister state for at least five years next before the commencement of the suit. Counsel for the appellee contends that an action for divorce may be maintained against an insane defendant represented by a guardian ad litem where the acts constituting the grounds for divorce were committed by such defendant prior to becoming insane. Before 1925 there were five grounds for divorce provided for in Art. 4629 of the Revised Civil Statutes, and·no mention of insanity was contained therein. Our courts, in construing said article as it then existed, held that an action for a divorce might be maintained against an insane defendant represented by a guardian ad litem where the acts constituting the grounds for divorce were com-

mitted by said defendant prior to his becoming insane, Wilemon v. Wilemon et al., 112 Tex. 586, 250 S.W. 1010; Jordan v. Jordan, Tex.Civ.App., 257 S.W. 569.

In the year 1925 when the laws were recodified, the codifiers placed in said article the following provision: "except where the husband or wife is insane a divorce may be decreed in the following cases" (here follow the five grounds for divorce). In the only case we have been able to find that construes the statute after the addition of the above provision, Young v. Young, Tex.Civ.App., 41 S.W.2d 367, the Austin Court of Civil Appeals in an opinion by Judge Blair held that a divorce could not be granted under the statute where either spouse was insane. Thereafter the 47th Legislature in 1941, Vernon's Ann.Civ.St. art. 4629, amended such article and omitted therefrom the provision "except where the husband or wife is insane, a divorce may be decreed in the following cases." The Legislature added an additional ground for divorce under the article being Subdivision (6), which is as follows:

"When either the husband or wife has become permanently and incurably insane; provided, however, that no divorce shall be granted unless such insane person shall have been duly and legally adjudged to be insane and confined in a public or private insane asylum or other institution for psychopathic patients of this State, or of a sister State, for at least five (5) years next preceding the commencement of the action for divorce, nor unless it shall appear to the Court that such insanity is permanent and incurable; provided, however, that no costs shall be adjudged against an insane spouse in divorce action."

However, it will be noted that appellee did not base her cause of action upon the provisions of said Subdivision (6). Her cause of action was based entirely upon cruel treatment as provided in Subdivision (1). We believe in view of the fact that the Legislature excluded from the article the quoted provision, "except where the husband or wife is insane, a divorce may be decreed in the following cases", and in view of the further fact that the article reads substantially as it did prior to the recodi-

fication of the laws in 1925, except the addition thereto of Subdivision (6), that the article should receive the same construction now as it did prior to the year 1925.

We are of the opinion that an action for divorce may be maintained against an insane spouse represented by a guardian ad litem where the acts constituting the grounds for divorce were committed by such spouse prior to becoming insane. Therefore, in this case, the appellee having sustained her cause of action by ample proof that the appellant was guilty of cruel treatment toward her and that such acts of cruelty occurred prior to the time he became insane, the court did not err in granting the divorce.

Judgment of the trial court is affirmed.