## GAINES v. GAINES.

### No. 12185.

Court of Civil Appeals of Texas. San Antonio.

Oct. 25, 1950.

Rehearing Denied Nov. 22, 1950.

---

Leonard Brown, San Antonio, for appellant.

Jack F. Ridgeway, San Antonio, for appellee.

POPE, Justice.

This is a divorce suit arising under Article 4629, Sections (1) and (6), Vernon's Ann.Civ.Stats.

John P. Gaines, appellee, married Gwendolyn Barton Gaines, appellant, in April of 1930. Their marriage difficulties progressively increased until their permanent separation in August of 1945. About fifteen months later the Bexar County Court adjudged appellant to be a person of unsound mind and committed her to the San Antonio State Hospital. In March of 1950, after appellee filed this divorce suit, the trial judge appointed a guardian ad litem, who defended this cause on behalf of appellant in the trial court and has appealed from a judgment granting a divorce.

 Appellee's divorce petition alleged cruel conduct on the part of appellant which occurred prior to their separation. The evidence upon which the trial court acted was also limited to occurrences prior to the separation, adjudication and commitment. This evidence was fully corroborated and amply showed physical, mental and verbal abuse by appellant of such duration and degree as to support the trial court's decree, unless the provisions of Article 4629, as amended in 1941, prohibit this divorce.

Since five years had not elapsed between the adjudication and commitment by the County Court and the filing of this suit, appellee could not and did not endeavor to seek his divorce under the provisions of Article 4629 (6), relating to insane persons. He asserted his claim for divorce under Article 4629 (1), pertaining to excesses, outrages and cruelty. Appellant has founded her appeal on the proposition that appellee was restricted to the provisions relating to insanity, and for that reason contends that no divorce should have been granted.

Other courts have already passed on this same problem and have carefully analyzed the legislative intent as drawn from the history and wording of the present and prior divorce statutes. We believe that these statutes have been correctly construed by these decisions, and that it is unnecessary to reiterate the reasoning which is already embodied in decided cases. We hold that under the existing statutes an action for divorce may be maintained against an insane spouse, represented by a guardian ad litem, where the acts constituting the grounds for divorce were committed by such spouse prior to becoming insane. Powell v. Powell, Tex.Civ. App., 199 S.W.2d 285; Robinson v. Robinson, Tex.Civ.App., 199 S.W.2d 256; Young v. Young, Tex.Civ.App., 41 S.W.2d 367; Jordan v. Jordan, Tex.Civ.App., 257 S. W. 569.

The judgment of the trial court is affirmed.