Argued March 16, affirmed March 30, 1960

## NELSON *v.* NELSON
### 350 P. 2d 702

*David B. Williamson* and *George G. Van Natta,* both of St. Helens, argued the cause and filed a brief for appellant.

*David O. Bennett,* St. Helens, argued the cause for respondent. On the brief were Bennett & Vagt, St. Helens.

Before McAllister, Chief Justice, and Perry, O'Connell and Harris, Justices.

PERRY, J.

This is a divorce suit. The trial court granted plaintiff a divorce absolute, together with custody of the minor child of the parties, and the defendant through her guardian ad litem appeals.

The record discloses that plaintiff and defendant were married in April, 1949, and one child was born of this union in 1951. In March, 1957, the defendant was adjudged an insane person and ordered confined in the state hospital.

The decree of divorce is not sought by plaintiff on the ground of insanity as provided in ORS 107.030 (7), but upon the ground that defendant prior to her adjudication as an insane person had been guilty of cruel and inhuman treatment and personal indignities toward the plaintiff rendering his life burdensome, as provided in ORS 107.030(6).

We have found no case in this jurisdiction which directly considers the question of the right of one spouse to obtain a decree of divorce from the other for acts of cruelty committed prior to insanity. We

are of the opinion, however, that such a suit lies, and this view is sustained by the great weight of authority. See Ann. 19 ALR2d 155, § 5.

Plaintiff testified to acts directed against him by defendant which would justify the relief prayed for and nothing would be gained by setting forth these acts.

Therefore, the sole issue is whether or not the defendant's acts at the time committed were those of a person legally responsible or were the result of an insane or nonresponsible mind.

The defendant contends that although her acts were of a cruel nature she had no intent to wound or injure the feelings of the plaintiff.

■■ Proof of an actual willful intent to injure a spouse is not required to constitute cruel and inhuman treatment. These words "cruel and inhuman treatment" as used in the statute "suggest rather a purpose of one spouse to injure the other, or such gross and callous want of consideration for the sensibilities and legitimate wishes and interests of the other as to amount in law to such a purpose." *Guinn v. Guinn,* 188 Or 554, 562, 217 P2d 248.

■ Thus, if the acts of one spouse are of such a nature that they will cruelly wound the sensibilities of the other, the law will presume the willful intent.

■ Dr. John Evans, a psychiatrist, and the only witness called by the defendant, testified the defendant was not suffering from any mental illness at the time she committed the alleged acts of cruelty. He termed the defendant's difficulty during this time as being emotionally maladjusted, rather than mentally ill. Even his testimony is all to the effect that defendant knew her actions were wrong, and the evidence con-

clusively shows that her tirades and insults were all indulged in when alone with her husband; that her actions in public gave no evidence of any overwrought condition that could not be perfectly controlled.

We are of the opinion that the trial court properly evaluated the evidence and reached the correct conclusions.

Judgment affirmed.