Jordan S. POPPER, Appellant,

v.

Irene Lee POPPER, Appellee.

No. 14361.

Court of Civil Appeals of Texas.

San Antonio.

March 11, 1965.

Rehearing Denied April 7, 1965.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellant.

M. M. Pena, Jr., San Antonio, for appellee.

BARROW, Justice.

This is an appeal by Jordan S. Popper from a judgment rendered after a non-jury trial denying him a divorce from appellee, Irene Lee Popper. Mrs. Popper was not present, but was represented by a guardian ad litem. The trial court found that appellee committed acts of harsh and cruel treatment which rendered the parties' further living together insupportable, but denied the divorce because of her mental condition at the time the acts were committed.[1]

The principal question raised by appellant on this appeal is, what degree of mental illnes or emotional disturbance will constitute a defense to an action for divorce based upon excesses, cruel treatment or outrages toward the other spouse. It is undisputed that Mrs. Popper, although suffering from a mental illness at all material times, was never adjudicated insane.

There is very little Texas authority directly on this question, but the subject has been considered several times by courts of other jurisdictions. See 19 A.L.R.2d 144; Fuemmeler v. Fuemmeler, St. Louis Court of Appeals, 381 S.W.2d 27; Bryce v. Bryce, 229 Md. 16, 181 A.2d 455, 98 A.L.R.2d 917; Nelson v. Nelson, 221 Or. 117, 350 P.2d 702; Jaikins v. Jaikins, 370 Mich. 488, 122 N.W.2d 673; Barnes v. Barnes, 181 Pa.Super. 427, 124 A.2d 646; Nelson v. Nelson, 108 Ohio App. 365, 154 N.E.2d 653. It is seen that the majority of these jurisdictions apply the common law "right and wrong" tests, or, in any event, require the indignities complained of to have been the result of or produced by the mental illness or disease, in order

---

1. "CONCLUSIONS OF LAW
 "Plaintiff's, Jordan S. Popper, petition for a divorce from Defendant, Irene Lee Popper, is in all things denied on the grounds that during the time of the acts of harsh and cruel treatment by Defendant, she, the Defendant, was emotionally disturbed and mentally ill, and the acts committed by her lacked the intent and malice to injure the Plaintiff and were involuntarily done and were induced by her mental condition, and her conduct was not wilful, studied or deliberate, but was the result of her mental illness and emotional instability."

to constitute a defense to said wrongful acts. An important consideration in these cases is whether or not wilfulness is an element of the ground for divorce.

■ Texas authorities have uniformly held that a divorce may be granted from an insane spouse represented by a guardian ad litem where the acts constituting the statutory grounds were committed by said spouse prior to her becoming insane. Wilemon v. Wilemon, 112 Tex. 586, 250 S.W. 1010; Gaines v. Gaines, Tex.Civ. App., 234 S.W.2d 250; Powell v. Powell, Tex.Civ.App., 199 S.W.2d 285; Robinson v. Robinson, Tex.Civ.App., 199 S.W.2d 256. These cases, by implication, bring Texas within the general rule that insanity of the spouse at the time of the commission of the acts relied upon as the ground for divorce is a defense to the action.

In the second appeal of McNabb v. McNabb, Tex.Civ.App., 250 S.W. 434, no writ history, the question was raised as to whether the physical and mental condition of the defendant was such as to render her irresponsible for acts which rendered the parties' further living together insupportable. The medical evidence was conflicting. A doctor called by defendant testified that she had pellagra; was mentally sick; could not control herself, and was not responsible for her acts. Another doctor contradicted this testimony and testified that defendant's trouble was entirely domestic. The majority of the Court of Civil Appeals found that the defendant's lack of responsibility was not so conclusive as to warrant their setting aside the jury's verdict. Chief Justice Hall dissented and said that the conduct complained of was involuntary and the necessary element of wilfulness was lacking.

Other Texas authorities involving divorce actions have treated "insanity" as an end result without a discussion of varying degrees of mental illness. In Gaines v. Gaines, supra, the husband was granted a divorce for occurrences "prior to the separation, adjudication and commitment." In Wilemon v. Wilemon, supra, after a careful analysis of the history of the statutory grounds for divorce, it was held that an action for divorce could be maintained where the acts were committed by the defendant "prior to his becoming insane." In Powell v. Powell, supra, the acts of cruelty for which the divorce was granted occurred "prior to the date of adjudication of Defendant's insanity."

■ Appellant urges that there is no evidence to support a judgment denying him a divorce, and that under the findings of the court appellee was legally responsible for her conduct and he is conclusively entitled to a divorce. The trial court did not expressly find that Mrs. Popper was legally insane, but did find that her conduct was the result of her mental illness and emotional instability. It further found that there was no evidence of her acts of harsh and cruel treatment prior to the onset of her mental illness. It concluded that her conduct was not wilful, studied or deliberate. It refused to find, as requested by appellant, that the evidence did not establish that appellee was not legally insane or mentally incompetent. These findings are supported by sufficient evidence when the record is viewed, as required under appellant's assignments, in the most favorable light in support of the trial court's findings.

Appellant testified to several acts of physical and verbal abuse committed by appellee against him between December 1962, and their separation on April 29, 1963. The trial court found that these acts were committed and that they rendered the parties' further living together insupportable. It is not disputed that these acts were sufficient to justify a divorce under Subd. (1) of Art. 4629, Vernon's Ann.Civ.Stats., and therefore no useful purpose would be served by setting them forth. The dispute, both in the trial court and on appeal, relates to whether appellee's mental condition at the time these acts were committed constitutes a defense to her acts of cruel treatment.

Appellant testified that the parties were married in 1956 and in 1959 his wife started having emotional difficulties. In 1959 she was treated for several months as an out-patient at Walter Reed General Hospital for what appellant described as neurotic problems. He further testified that appellee was confined in the psychiatric ward at Brooke General Hospital from July through October, 1961, for an emotional disturbance. During this confinement appellee received a series of twenty electroshock wave treatments. From October, 1961, until the couple's separation, Mrs. Popper received psychiatric treatment as an out-patient of this hospital. Appellant testified, however, that during this latter period appellee passed the Texas Driver's License test, drove a car, handled a joint checking account, and took care of the home and their small son. After their separation, Mrs. Popper returned to her family in upper New York. From the middle of May until December she was confined in a State hospital for the mentally ill and at the time of the trial, on May 25, 1964, was still under treatment as an out-patient.

Col. Bailey, head of the Brooke General Hospital Department of Psychiatry and Neurology, testified that from January 2, 1962, until he last saw Mrs. Popper on March 4, 1963, she was suffering from a serious mental disorder, namely, schizophrenia, which had vacilated in severity from week to week and month to month. He described schizophrenia as a chronic mental illness which has a tendency to be manifested by exacerbations and remission. Col. Bailey was unable to testify as to whether or not any specific act of cruelty was caused by her mental illness, but during the time the acts occurred "she was very, very ill."

Appellant was required to establish his grounds for divorce by full and satisfactory evidence. Art. 4632, Vernon's Ann.Civ.Stats. In McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, it was held that cruel treatment within Sec.

(1) of Art. 4629, supra, is not confined to physical violence, but may consist of *studied* and *deliberate* insults and provocations. This element of wilfulness has been consistently recognized by the authorities. See, Alexander v. Alexander, Tex.Civ.App., 373 S.W.2d 800; Barrett v. Barrett, Tex.Civ.App., 368 S.W.2d 709; Daughtry v. Daughtry, Tex.Civ.App., 312 S.W.2d 957; Resendez v. Resendez, Tex.Civ.App., 282 S.W.2d 318; Golden v. Golden, Tex.Civ.App., 238 S.W.2d 619; Norvell v. Norvell, Tex.Civ.App., 194 S.W.2d 270; McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; 20 Tex.Jur.2d, Divorce & Separation, § 13.

It is our opinion, from a review of the record, that the trial court did not abuse its discretion in finding that Mrs. Popper did not commit any acts of cruelty prior to her becoming afflicted with the mental illness of schizophrenia, and that the effect of this illness was such that she was not responsible for the acts resulting from same. The divorce sought under Subd. (1), of Art. 4629, supra, was therefore properly denied.

The judgment is affirmed.