BERNARD IAGO

*v.*

SELINA IAGO.

*Opinion filed November 1, 1897.*

1. DIVORCE—*right of next friend of insane defendant to prosecute writ of error.* The next friend of an insane defendant may prosecute a writ of error in his behalf to reverse a decree of divorce entered against him in a proceeding begun after he became insane.

2. SAME—*not necessary that next friend should have acted at trial.* It is not essential that the same person who acted as guardian *ad litem* for an insane defendant in a divorce proceeding should appear as next friend in prosecuting a writ of error to reverse the decree, as the court may appoint or accept another person in that capacity.

*Iago* v. *Iago*, 66 Ill. App. 462, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was a bill in chancery filed in the circuit court of Cook county by Selina Iago, defendant in error, against Bernard Iago, her husband, for divorce. It appeared to the circuit court the said Bernard Iago was insane, whereupon the court appointed one H. T. Aspern as guardian *ad litem* for the defendant. Such proceedings were had in the circuit court as that a decree of divorce was entered in favor of the wife, the defendant in error. On the application of the husband, by Annie Brock, his next friend, a writ of error to reverse the decree was sued out in the Appellate Court for the First District. On motion of the defendant in error the writ was dismissed, hence this appeal.

HALEY & O'DONNELL, for plaintiff in error:

The guardian *ad litem* must make the defense of the interests of his ward as vigorous as the nature of the case will admit, and nothing is admitted, but strict proof

is required.   *Sconce* v. *Whitney,* 12 Ill. 150; *Enos* v. *Capps,* 12 id. 255; *Rhoads* v. *Rhoads,* 43 id. 239.

If, during the pendency of any suit in law or equity, either party becomes insane, he may prosecute or defend by conservator or guardian *ad litem.*   Rev. Stat. chap. 1, sec. 20.

The statute recognizes the right of an insane person to appear by a next friend.   Rev. Stat. chap. 86, sec. 13.

An infant may prosecute a suit in chancery by a next friend although he or she have a legally appointed guardian.   *Holmes* v. *Field,* 12 Ill. 424.

An insane person having no conservator may, as plaintiff, prosecute a suit by his next friend.   *Railroad Co.* v. *Manger,* 78 Ill. 300; *Speck* v. *Pullman,* 121 id. 33; *Martin* v. *Dufalla,* 50 Ill. App. 371; *Ryder* v. *Topping,* 15 id. 216; *Leonard* v. *"The Times,"* 51 id. 427.

F. A. DENNISON, and J. E. WHITE, for defendant in error:

A writ of error is the commencement of a new suit, and not the continuing of the old suit.   2 Tidd's Pr. 1133; *Bank* v. *Jenkins,* 107 Ill. 291; *Ripley* v. *Morris,* 2 Gilm. 381; *Hickman* v. *Haines,* 5 id. 20; *Lessee of Taylor* v. *Boyed,* 3 Ohio, 354; *Smith* v. *Robinson,* 11 Ill. 119; *Burnap* v. *Wight,* 14 id. 303; *Roberts* v. *Fahs,* 32 id. 474.

This is an action demanding an absolute right—a new suit to determine the personal status of the marriage of the plaintiff in error.   To prosecute this suit is to make the insane person consent to prosecute a suit to dissolve his marriage, when, in fact, he can give no consent, being *non compos mentis,* and thus the suit cannot be maintained. *Bradford* v. *Abend,* 89 Ill. 78; 2 Bishop on Marriage and Divorce, (5th ed.) sec. 306*a.*

No one who is not prejudiced by the decree below can bring and prosecute a writ of error unless authorized by the plaintiff in error himself.   *Ex parte Dorr,* 3 How. 104; *Barr* v. *Stevens,* 1 Babb, 292.

The right to sue for an absolute divorce is a personal right, and requires the intelligent election of the injured party. A guardian of an insane person cannot therefore maintain a suit for an absolute divorce in favor of his ward. 7 Ency. of Pl. & Pr. 62, note 3; *Bradford* v. *Abend*, 89 Ill. 78.

Only those parties who consented to the marriage contract can consent to dissolve it, and they alone can consent to have evidence introduced into or reviewed by the court for the sole purpose of determining the personal status of the marriage. *Birdzell* v. *Birdzell*, 33 Kan. 433; *Worthy* v. *Worthy*, 36 Ga. 45.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The ground of the motion to dismiss was, that the plaintiff in error was an insane person at the time the writ of error was sued out, and by reason of such insanity was incapable to elect whether he will remain married or become single, and no one can elect for him.

It seems well settled the right to sue for an absolute divorce is a personal right and requires the intelligent action of the injured party, for which reason it has been frequently held a guardian or next friend of an insane person cannot maintain a suit for absolute divorce for his ward. It is also well settled in this State a writ of error is a new suit. The reasoning of the Appellate Court is, that an insane person, being incapable in law of instituting and maintaining a bill for divorce, is likewise incapable of maintaining a writ of error for the purpose of questioning the regularity and legality of a decree of divorce entered against him in a proceeding instituted after he became insane. We are unable to assent to this view. Actions for divorce may be instituted against insane defendants for a cause of divorce committed before the period of insanity. When such an action is begun, a court of equity, in view of the peculiar duty of such courts to protect the personal and property rights

of lunatics, will appoint some discreet and proper person to conduct the defense. The power possessed by courts of equity to provide that such defense shall be made is not exhausted by the appointment of a conservator *ad litem* or next friend to defend in the trial court, but may be exercised in courts of review, and further defense of the action for divorce prosecuted by any remedy provided by law whereby reversal of a decree of the trial court may be obtained. A writ of error is a new suit, but at the same time, when brought to review a decree for divorce, is but a step in defense of the relief sought to be obtained by the complainant in the original bill.

In *Bradford* v. *Abend*, 89 Ill. 78, a bill in chancery filed by the conservator of an insane wife to set aside a decree of divorce was entertained by the circuit court and its decree vacating a decree of divorce was affirmed by this court. It is true that in that case the bill for divorce was filed in the name of the wife while she was insane, and that the principle that an insane person cannot maintain a bill for divorce was applied by this court in support of the decree of the circuit court in vacating the decree for divorce. But it is further true that the insane wife was equally as incapable of electing whether she would remain married or single as was the plaintiff in error in the case at bar, yet the aid of the court against the decree of divorce was fully recognized and enforced. In the case cited, the ground of attack upon the decree could not be availed of in a writ of error, and for that reason resort was had to an original proceeding in the trial court. Had such ground been apparent from an inspection of the record, no reason is perceived why the relief might not have been had through the medium of such writ. Though an insane person may be incapacitated from maintaining an action for divorce, still it by no means logically follows no legal remedy can be availed of to remove a decree of divorce entered against the person so unfortunately afflicted.

It is not essential the same person who represented the insane party as guardian *ad litem* in the circuit court should appear as next friend in a writ of error. (*Ames* v. *Ames*, 148 Ill. 321.) True, as suggested, the insane person has not capacity to consent to a change of the representative, but it is within the power of the court to appoint or accept another person to act in that capacity. Rev. Stat. sec. 13, chap. 86, "Lunatics."

We think no sufficient reason appeared for dismissing the writ. The judgment of the Appellate Court is therefore reversed and the cause remanded to that court, with directions to overrule the motion.

*Reversed and remanded.*