Agnes Irene QUADA, Appellant,

v.

Charles B. QUADA, Individually and by Next
Friend, Robert Quada, Appellee.

No. 7672.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 19, 1965.

Charles E. Thompson, Atlanta, for appellant.

Paul M. Branch, Kilgore, for appellee.

CHADICK, Chief Justice.

This is a divorce suit. The judgment of the trial court is reversed and the case remanded for new trial.

Charles B. Quada, the appellee, was adjudged to be of "unsound mind" in the County Court of Cass County, Texas, on January 7, 1963, and his wife, Agnes I. Quada, the appellant, was appointed guardian of his person and estate, qualifying as such on January 14, 1963. Within ten days of the Cass County decree, Quada was adjudged to be "mentally ill" in the County Court of McLennan County on January 17, 1963, in a proceeding under the terms of the Texas Mental Health Code, and was ordered to be, and was promptly committed to the Veterans Hospital at Waco.

Subsection 3(y) of the Texas Probate Code, V.A.T.S., defines persons of unsound mind in this way, to-wit:

"'Persons of unsound mind' are persons non compos mentis, idiots, lunatics, insane persons, and other persons who are *mentally incompetent* to care for themselves or to manage their property and financial affairs." (Emphasis supplied.)

The judgment declaring Quada a person of unsound mind in the Guardianship proceedings in Cass County fixed his status as a mentally incompetent person at that time and created a legal presumption that such would be his condition at any given time thereafter in the absence of proof that his sanity had been restored. Necessarily, this legal presumption is rebuttable and yields to facts showing reason has been restored. Billups v. Gallant, Tex.Civ. App.1931, 37 S.W.2d 770, writ refused; Elston v. Jasper, 45 Tex. 409; "Insane and Incompetent Persons", 31 Tex.Jur.2d Sec. 36; 1 Tex.Law of Evidence (McCormack and Ray) Sec. 98.

The judgment of the McLennan County Court rendered in the proceeding instituted under the provisions of the Texas Mental Health Code declared Quada to be mentally ill, but is silent on his mental competency. The Mental Health Code, Art. 5547-83(b); Vernon's Ann.Civ.St., provides:

"(b) The judicial determination that a person is mentally ill or the admission or commitment of a person to a mental hospital, without a finding that he is mentally incompetent, does not constitute a determination or adjudication of the mental competency of the person and does not abridge his rights as a citizen or affect his property rights or legal capacity."

Other language in the article confines the application of subdivision (b) to judgments in proceedings brought under the Mental Health Code. Subsection (a) of the article prescribes the effect of a judgment in a Mental Health Code proceeding finding a person mentally incompetent. In short, the

McLennan County Court judgment, by the statutes' terms, made no change in Quada's status as a person of unsound mind as previously adjudicated in Cass County.

■■ A judgment of the County Court of Gregg County dated November 2, 1964, purporting to find that Quada did not at the date of the judgment require hospitalization as a mentally disturbed person if valid, made no change in Quada's status as a mental incompetent. This judgment should not have been admitted as evidence in the divorce trial. However, its admission in this trial, conducted before the judge without the intervention of the jury, is not error calculated to or that probably would cause the rendition of an improper judgment. The appellant's point of error as to this is overruled.

■■ Nor is merit found in appellant's point that Quada may not by next friend maintain this divorce suit. The rule is that a ward may institute a suit by next friend when his guardian is adversely interested in the subject matter of the suit. Wesner v. Woodson, Tex.Civ.App., 111 S.W.2d 354, writ ref.; "Guardian and Ward", 27 Tex. Jur.2d 592, Sec. 319.

■ The principal questions raised by appellant's remaining points are concerned with no evidence, insufficient evidence, and the overwhelming weight and preponderance of the evidence. These points put in question the trial judge's findings that Quada was mentally competent to bring a divorce action, and that the appellee was guilty of excesses, cruel treatment and outrages of such nature as to render living together insupportable. After an attentive examination of the record this court is of the opinion that there is some evidence to support the judgment rendered. However, such finding only discharges this court's responsibility in part, for it is said in "Divorce and Separation", 20 T.J. 523, Sec. 188,

"The duty of the appellate court in the review of a divorce case goes further than to determine merely the legal sufficiency of the grounds alleged and proved. The primary question is whether or not the evidence supports the right to a divorce, and nothing done in the trial court can affect the duty of the appeals court to pass on that question, provided an appeal lies in other respects.

"In divorce actions the evidence is required on appeal to be full and satisfactory to the appellate court, as well as to the trial court, if the divorce decree is to stand. And the decree may be reversed unless the evidence is full and satisfactory to the appellate court. It is the duty of the court of civil appeals to re-examine the record, and the evidence, and to determine whether the evidence is full and satisfactory under the statute, and of a nature to justify and support a decree granting a divorce. * * *."

■ Quada's testimony in his own behalf regarding physical and mental cruelty inflicted upon him is meagerly corroborated if at all. It was contradicted generally by his wife and two teen-age children. He gave little detail in describing an assault he claimed that his wife and an older son made on him. His testimony is characterized by a paucity of factual detail. He displayed an antagonistic attitude towards his wife's counsel and absolutely refused to answer numerous pertinent questions. His dogmatic assertions suggest overstatement. The uncertainty induced by the entire record compel this Court in compliance with the exceptional responsibility placed on it by Article 4632 to conclude that the evidence is not full and satisfactory. The judgment of the court below is reversed and the case remanded for new trial.