**Peter J. CLARADY, Relator,**

v.

**Honorable J. W. MILLS, Judge, Court of Domestic Relations of Harris County, Texas, et al., Respondents.**

**No. 15324.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 20, 1968.

Milton H. Mulitz, Houston, for relator.

Johnnie Abercia, Houston, for respondents.

BELL, Chief Justice.

This is an original proceeding in which Relator seeks a writ of mandamus directing the Honorable J. W. Mills, Judge of Domestic Relations Court of Harris County, to proceed to trial in Cause No. 697,995, entitled Peter J. Clarady vs. Mary Lee Clara-

**64**

dy. The cause is a proceeding for divorce filed by Relator as Plaintiff on April 5, 1966.

The attorney for the defendant, Mary Lee Clarady has repeatedly filed motions for continuance based on the assertion that Mrs. Clarady was and is insane and has been committed to a mental institution as a mentally ill person, but that she has not been so confined to satisfy the requirements of Article 4629, Subd. 6, Vernon's Ann.Tex. St., which authorizes a divorce, under certain circumstances, on the ground of the insanity of the spouse. The court has each time granted such continuance.

The record before us shows that Relator does not seek a divorce under said Subd. 6 of Article 4629, but seeks it on the basis of harsh and cruel treatment of such a nature as to render plaintiff and defendant living together as husband and wife insupportable.

The record also shows that Mary Lee Clarady was committed to the Austin State Hospital by the County Court of Travis County on August 9, 1967 for an indefinite period because she was found to be mentally ill and incompetent. She is still confined in said hospital.

■ The Relator is entitled to a trial of his cause. A person may assert his or her right to a divorce against the other when such right is based on any ground specified by Article 4629, even though the

spouse, who is made defendant, is insane, provided that if the ground is insanity the provisions of Subd. 6 must be satisfied. However, no act committed by the defendant while she is insane may be grounds for divorce. The trial court, where, as here, there is no legally appointed guardian, must appoint a guardian ad litem to represent the insane defendant. We were informed in oral argument that this has been done. Robinson v. Robinson, 199 S.W.2d 256 (Tex.Civ.App.), n. w. h.; Powell v. Powell, 199 S.W.2d 285 (Tex.Civ.App.), n. w. h.; Fomby v. Fomby, 329 S.W.2d 111 (Tex.Civ. App.), n. w. h.; Popper v. Popper, 388 S. W.2d 468 (Tex.Civ.App.), writ dism.

■ In argument before us, Respondents' counsel, who was the attorney for Mrs. Clarady, suggested that he, at the request of Mrs. Clarady's family, had filed a cross-action for divorce. We call attention to the case of Dillion v. Dillion, 274 S.W. 217, in which the Amarillo Court of Civil Appeals held that an insane spouse may not maintain a suit for divorce either by herself, through next friend, or through a guardian. We find nothing in Texas contrary to said holding.

Relator is entitled to a writ of mandamus directing Respondent to proceed to trial of Relator's cause. We feel sure Respondent will proceed to trial without the actual issuance of the writ. No writ will actually issue unless our order be not complied with.