**Mary Elizabeth Jeffrey MILLER, Adm. of the Estate of Frank Howard Miller, Deceased, Appellant,**

v.

**Flois Colene MILLER, Appellee.**

No. 17369.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 3, 1972.

Rehearing Denied Dec. 8, 1972.

Day & Gandy, and Marshall Day, Fort Worth, for appellant.

Dauphin Whitehead, Arlington, for appellee.

## OPINION

MASSEY, Chief Justice.

On May 18, 1964, Flois Colene Miller, hereinafter termed Mrs. Miller, was declared mentally incompetent and indefinitely committed to the Vernon State Hospital.

Mrs. Miller remained in the care and custody of a state hospital for the mentally incompetent, continuously, at all subsequent times.

January 8, 1970, a judgment of divorce was rendered in the Domestic Relations Court No. 3, Tarrant County, Texas, under the provisions of which Frank Howard Miller was granted a default judgment of divorce against Mrs. Miller, up until such time unquestionably his lawful wife at all material times. The petition, upon which the divorce was granted, was filed on November 6, 1969, and stated as grounds for divorce that plaintiff ". . . has lived apart from the Defendant without cohabiting with the Defendant for a period in excess of three years, such living apart has been continuous up to the filing of this suit."

A statutory ground for divorce both before and after date of January 1, 1970, was the living apart of spouses without cohabitation for as long as three years. See Vernon's Ann.Tex.St., Title 75, "Husband and Wife", Art. 4629, "Grounds for divorce"; V.A.T.S., Family Code (effective January 1, 1970) Ch. 3, "Dissolution of Marriage", Sec. 3.06, "Living Apart".

November 10, 1969, the proper officer for service of citation in the divorce case delivered to a Dr. Williams, Superintendent of the Vernon State Hospital where Mrs. Miller was confined as a *non compos mentis* or mentally incompetent person, a copy of the citation together with a copy of the Plaintiff's Original Petition for divorce. Dr. Williams authorized a representative or agent of her own to take the citation and petition to Mrs. Miller. Mrs. Miller was not personally served either by the officer for service or by Dr. Williams.

A statute of the State in effect on November 10, 1969, was V.A.T.S., Title 92, "Mental Health", Art. 5547–86, "Rights of patients", provided that, "(c) The head of a mental hospital or the superintendent, supervisor, or manager of a mental hospital in which a patient is confined is the agent for service of process on the patient. The person receiving process directed to a patient shall certify that he is aware of the provisions of this Act and shall sign the certificate with his name and title. The certificate shall be attached to the citation and be returned by the serving officer. The person receiving process directed to a patient shall within three days either forward it by registered mail to the patient's legal guardian or deliver it to the patient personally, whichever appears to be in the best interest of the patient."

The "return" on the citation in the suit for divorce recited that it had been executed ". . . at Vernon State Hospital, within the County of Wilbarger, at 3:45 o'clock P.M., on the 10th day of November, 1969, by delivering to the within named Flois Colene Miller . . . in person, a true copy of this Citation together with the accompanying copy of Plaintiffs original petition, . . . ." No certificate of Dr. Williams, as provided by the statutory article referred to in the paragraph next preceding, was attached to the officer's "return" on the citation. Dr. Williams did not, at any time, forward the citation served upon her to any person or institution.

No pleadings of any kind were filed by or in behalf of Mrs. Miller prior to the hearing of the default proceeding for divorce on January 8, 1970; she did not appear; and no guardian *ad litem* was appointed to represent her interests upon the divorce action.

Subsequently Frank Howard Miller went through a marriage ceremony with Mary Elizabeth Jeffrey Miller, hereinafter referred to as the second Mrs. Miller, and they lived together as husband and wife for approximately one year next preceding the death of Frank Howard Miller.

Frank Howard Miller was fatally injured on July 1, 1971, under circumstances which allegedly created property rights in his lawful widow under the provisions of V.A.T.S., Art. 8307, the Texas Workmen's Compensation Act.

After July 1, 1971, Brenda Sauck, one of the children of Frank Howard Miller and the first Mrs. Miller obtained her appointment as Administratrix of the Estate of Frank Howard Miller, deceased. Another of the children of Frank Howard Miller and Mrs. Miller, one Howard Miller, brought suit as next friend of Mrs. Miller against Brenda Sauck as Administratrix. Such suit was in the nature of a Bill of Review to set aside the decree of divorce of January 8, 1970. Subsequently the second Mrs. Miller went into the Probate Court and obtained the ouster of Mrs. Sauck and in her place and stead became the Administratrix of the Estate of Frank Howard Miller, deceased. As such the trial court substituted the second Mrs. Miller, in her capacity as Administratrix, as the correct defendant in the place and stead of Brenda Sauck, her predecessor, and she became the sole defendant in the suit to set aside the divorce.

The second Mrs. Miller sought individually to become a party to the suit to set aside the divorce on the ground that she was the lawful surviving spouse of the deceased and a party interested in the outcome of said suit. Already noticed is the fact that the second Mrs. Miller, in the capacity of Administratrix, became and remained party defendant to said suit and contestant of the attempt to set aside the divorce. The attempted intervention of the second Mrs. Miller, in her individual capacity, was deemed by the trial court to make of the case one where it would not have jurisdiction. She was dismissed or excluded as a party defendant on the suit to set aside the divorce of January 8, 1970, while remaining as the defendant in her capacity as Administratrix.

In conclusions of law the trial court found that the purported service of process in the divorce action upon the first Mrs. Miller was void and that authority to render the divorce decree did not exist in the trial court on January 8, 1970, because there was want of jurisdiction of the person of Mrs. Miller; further, that the failure to appoint a guardian *ad litem* to represent Mrs. Miller upon the divorce hearing of said date denied her due process of law and an opportunity to present her meritorious defense, namely, that she was not served with process according to V.A.T. S., Article 5547–86(c); and that the fact that the court, upon the divorce proceeding, was not apprized of the incompetence of Mrs. Miller so that the foregoing would be evident and so that a guardian *ad litem* could be appointed in her behalf constituted extrinsic fraud practiced upon the court. The court further found that in view of Mrs. Miller's incompetence she was not negligent in allowing the default judgment of divorce to be entered against her.

We are of the opinion that the trial court was eminently correct save and except for its conclusion that the second Mrs. Miller's individual presence as a party in the case was unnecessary or that to allow her to remain in the case as an individual would deprive the court of jurisdiction to determine the case.

As applied to the second Mrs. Miller (as an individual) we may pose the question of what would be her situation and exposure were the outcome of the suit favorable to the plaintiff. Without being enabled to "be in on" the proceedings to invalidate the divorce she was relegated to the position of a mere observer of litigation which had as one of its objectives the invalidation of her marriage (and accompanying illegitimation of her children by the deceased, if any), and as another the elimination of her right, otherwise obtaining, to recover the insurance benefits accruing to the widow of an employee who has suffered injuries resulting in death under the provisions of the Texas Workmen's Compensation Act. The second Mrs. Miller did not have any child or children by Frank Howard Miller.

Although the actual defendant, as Administratrix of the Estate of the deceased, happened to be the second Mrs. Miller, the legal situation might be viewed as though she had not been enabled to obtain her substitution as such for Brenda Sauck (who earlier received Letters of Administration and as Executrix was named defendant in the suit originally brought to invalidate the divorcement of the first Mrs. Miller). Had there been no such substitution Mrs. Miller, through next friend, probably would have been enabled to prevail and obtain judgment annulling the divorce with less difficulty since the record reflects that annullment was desired by Brenda Sauck.

To take notice thereof merely serves to place the situation in its proper perspective and demonstrate that the second Mrs. Miller was entitled to be made a party defendant. In such capacity she could resist the plaintiff's suit and in so doing defend her marriage and status as a married woman prior to the death of her husband, and as the legitimate widow to establish her property rights to death compensation benefits, if any. That the second Mrs. Miller obviously did adequately defend such, in the representative capacity as Administratrix of the Estate of Frank Howard Miller, does not suffice under our practice to supply the requisite vitality to the proceedings. Such would obtain only upon her presence in an individual capacity.

A consequence of her absence in that capacity made of a suit which of legal necessity must be made as a direct attack a case merely amounting to a collateral attack upon the validity of the divorce judgment. In her individual capacity the second Mrs. Miller was an indispensable party without whose presence the action should not have been tried. 1 McDonald, Texas Civil Practice (Revised 1965) p. 275, "Parties", Sec. 3.16, "Joinder of Parties . . .", and subsequent sections; Kieke

v. Cox, 300 S.W.2d 309 (San Antonio, Tex.Civ.App., 1957, no writ hist.).

■ As stated in Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 477 (1942) all persons who have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein, are not only proper parties, but are necessary and indispensable parties. See also Scott v. Graham, 156 Tex. 97, 292 S.W.2d 324 (1956).

We have endeavored to find reason to affirm judgment in the case. It appears, however, that reversal is compelled by the nature of the proceeding when consideration is given the fact that proceedings to invalidate the divorce, i. e., for the dissolution of the original marriage of Mrs. Miller would, if successful, invalidate the marriage contract of the second Mrs. Miller. Hence, the absence of the second Mrs. Miller as a party would be fundamental error. 3 Tex.Jur.2d 382, "Appeal and Error —Civil", Sec. 114, "Misjoinder or nonjoinder of parties; Misnomer; Intervention"; 44 Tex.Jur.2d 237, "Parties", Sec. 86 "(Manner of raising objection that there is lack of necessary parties)—On appeal"; Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup., 1966). Though there was change in applicable law pursuant to enactment of our Rules of Civil Procedure, T.R.C.P. 93, "Certain Pleas To Be Verified", the law has not been changed as applied to absence as parties any who are necessary or indispensable. See also 1 McDonald, Texas Civil Practice (Revised 1965), p. 336, "Parties", Sec. 3.33, "—F. Consequences of Misjoinder and Nonjoinder".

Contrary to the opinion of the trial court we hold that in addition to the implication necessarily attendant and evidencing its jurisdiction and authority to make the second Mrs. Miller a party defendant in her individual capacity there is, under applicable rules of construction, statutory authority for such jurisdiction in the article which created such court. V.A.T.S., Title 43, "Courts—Juvenile", Art. 2338—15b, "Court of Domestic Relations No. 3 of Tarrant County", Sec. 3, "Jurisdiction".

Following the example of the Supreme Court in Scott v. Graham, supra, we write the following in addition and in order that all questions might be presented in the event of application for writ of error.

Since there may be amendment at any time so that the second Mrs. Miller may be made a party we should consider a number of questions which have been raised in this proceeding, since thus the litigants may be saved the expense and delay of another appeal.

■ The sole ground for divorce presented in the 1969 divorce petition against Mrs. Miller was the parties' living apart without cohabitation for a period in excess of three years. Though there is nothing wrong with the ground for divorce, there would be a meritorious defense if any portion of said three-year period fell within the period in which Mrs. Miller was mentally incompetent. That is so because no act committed by an insane person while insane may be grounds for divorce. Clarady v. Mills, 431 S.W.2d 63 (Houston (1st Dist.) Tex.Civ.App., 1968, no writ hist.). The record before us on appeal demonstrates without any question that such a portion of the important three-year period, and probably all of it, occurred while she was mentally incompetent. The evidence placed of record on trial showed that Mrs. Miller was mentally incompetent at time of the purported service of citation and that in fact there was no personal service upon her as indicated by the officer's return before the court at time the divorce case was heard. This was a meritorious defense to the divorce action for it could have been no fault of her own, she being a mentally incompetent person, that she did not make a defense. Nor could it be said that there was any earlier time than was actually the case when she

should have sought to have the divorce judgment set aside, since her disability in the material respect continued unchanged up until the time when her next friend, her son Howard Miller, brought the suit for her.

The fault of Frank Howard Miller, her husband, in prosecuting the divorce suit against her was shown in that he was aware at the time that she was a mentally incompetent person and did not make disclosure and obtain the appointment of a guardian *ad litem* for her upon the divorce proceedings. Under the state of the record in which nothing appeared to have been entered thereon showing that a guardian *ad litem* had been appointed for her a *prima facie* case for Mrs. Miller was made upon such an issue and it was not rebutted. The trial court was entitled to find as a fact that no guardian *ad litem* had been appointed, apart from the fact that the trial court took judicial notice of the incidents in the former proceeding in the same court when a different judge was presiding.

■ Since Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567 (1899) we deem it to have been settled that where a judgment is taken against a minor during his minority without appointment of a guardian *ad litem* to protect his interests he is entitled at a later time to have the judgment vacated and a new trial awarded upon proof that such had occurred and also fact which showed that he possessed a lawful defense. The principles upon which the holding was founded differ in no material degree from one wherein it would have been a person *non compos mentis* against whom judgment was taken without appointment of a guardian *ad litem*. T.R.C.P. 173, "Guardian Ad Litem", places identical duty upon both kinds of defendants. See also Starks v. State, 449 S.W.2d 559 (Eastland Tex.Civ. App., 1969, error ref.); Clarady v. Mills, supra.

■ It is to be remembered, relative to the service of process in the case, that the trial court found that the officer's return did not speak the truth and that service was actually made upon Dr. Williams, who did not thereafter perform as provided by statute, etc. Upon trial the appellant, the second Mrs. Miller as Administratrix, attempted to obtain an amendment of the return on the citation to show what actually occurred. This the court refused. We hold that such refusal was proper. We do not need to consider whether some portions of the applicable statute were mandatory and some directory, for it would make no difference in any event. Certainly no legal representative of Mrs. Miller, a mental incompetent in a mental hospital, ever received that notice which would presumptively have occasioned action in her behalf, as by a guardian. The want of such notice was not even attempted to be cured by disclosure to the trial court with attendant appointment of a guardian *ad litem* to protect Mrs. Miller's interest. To have permitted amendment of the return on the citation would have been a pointless and useless act in no way beneficial to the second Mrs. Miller, either individually or as administratrix.

All prerequisites of pleading and proof sufficient to justify judgment for a plaintiff upon a suit in the nature of Bill of Review were satisfied in the case. Alexander v. Hagedorn, 148 Tex. 565, 226 S. W.2d 996 (1950). Under the same proof upon retrial there would be no impropriety in entry of judgment like unto that which was entered initially, made the subject of the present appeal.

However, for want of the second Mrs. Miller as a necessary and indispensable party upon trial from which appeal has been taken, the judgment is reversed with cause remanded for another trial.