Harold A. HART, as next friend of
Harold A. Hart, Jr., Appellant,

v.

Lilliane E. HART, Appellee.

No. 14549.

Court of Appeals of Texas,
Austin.

Feb. 12, 1986.

Rehearing Denied March 19, 1986.

James A. Endicott, Jr., Killeen, for appellant.

M.M. (Mickey) Wade, Belton, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

BRADY, Justice.

Appellant, Harold A. Hart acting as next friend for his son Harold A. Hart, Jr., appeals from a summary judgment rendered by the district court of Bell County. Appellant filed a divorce action against his son's wife, appellee, Lilliane E. Hart. Appellee then filed a motion for summary judgment, claiming that appellant as a next friend lacked the standing necessary to maintain a suit for divorce. The district court granted appellee's motion and rendered summary judgment, dismissing appellant's suit with prejudice. We will affirm the judgment.

Appellee and Harold A. Hart, Jr., were married in June 1979. Five years later the couple separated. On July 12, 1984, appellant's son was adjudged to be a person of unsound mind by County Court at Law No. 1 of Bell County. During these proceedings that court appointed appellant as guardian of the person and appellee guardian of the estate.

Appellant filed this divorce suit claiming, among other things, that the marriage had been rendered insupportable because of marital discord and a conflict of personalities. Tex.Fam.Code Ann. § 3.01 (1975). Appellee filed a motion for summary judgment contending that appellant lacked the standing essential to the maintenance of a divorce action, because a mentally incompetent spouse either by himself or through his next friend is incapable of suing for divorce. The district court agreed and rendered summary judgment in favor of appellee.

The sole issue raised by this appeal is whether a guardian or next friend is empowered to maintain a divorce action on behalf of a mentally incompetent ward. We hold they are not.

A majority of states do not permit a guardian or next friend to maintain a divorce action on behalf of their mentally incompetent ward. Annot. 6 A.L.R. 3rd 681 (1966 & Supp.1984). By contrast a small minority of jurisdictions do permit such actions on the part of a guardian. 6 A.L.R. 3rd, *supra*. Those states conforming to the minority view have done one of two things. They have either enacted a specific statute authorizing a guardian to sue for divorce in the name of his ward or they have construed a general statute which permits suits on the part of a guardian as authorizing a suit for divorce as well. 6 A.L.R. 3rd, *supra*.

We have been able to find only three cases in Texas dealing with this exact is-

sue, all of which come from various courts of appeal. Two of these cases, *Dillion v. Dillion*, 274 S.W. 217 (Tex.Civ.App.1925, no writ), and *Clarady v. Mills*, 431 S.W.2d 63 (Tex.Civ.App.1968, no writ) stand for the proposition that a guardian may not file a suit for divorce on behalf of his ward. *Quada v. Quada*, 396 S.W.2d 232 (Tex.Civ. App.1965, no writ), on the other hand, appears to hold contra to the rule set forth in *Dillion*, resulting in a split of authority.

The court in *Dillion* rationalized that the decision to dissolve a marriage was so strictly personal that only the parties to the marriage should decide whether or not the marital relationship should be terminated. The court states further that:

> The marital status can be assumed only of free choice, so that, however, much a marriage may be for the advantage of an insane person, he is not capable of entering into it by himself, by guardian or by next friend. Much more as the law looks on divorce with disfavor, will it refuse a dissolution of the marriage to a party who does not consent to it. 274 S.W. at 219, quoting 2 J. Bishop on Marriage and Divorce, § 306a at 265–266 (6th ed., 1981).

The act of dissolving the marital relationship, therefore, lies exclusively within the discretion of the parties to the marriage and may not be exercised by a next friend or guardian of a mentally incompetent spouse. *Dillion v. Dillion, supra.*

The Court in *Clarady* was actually concerned with whether or not a competent spouse may sue an incompetent spouse for divorce and mentions *Dillion* only by way of *dicta*. *Quada* on the other hand does not mention *Dillion* at all. The court in *Quada* addresses only that issue which arises when a ward and guardian possess interests in a cause of action which are contrary to one another. That court stated that under such circumstances the ward shall be permitted to institute the cause by a next friend. Thus, the precise issue of whether a guardian or next friend should be permitted to maintain a suit for divorce on behalf of a mentally incompetent ward

goes undiscussed in that opinion. As a consequence the best authority we have in this State where this issue is concerned is the opinion in *Dillion*.

We agree with the rationale of *Dillion* and conclude that a next friend or guardian is not empowered to maintain a divorce suit for the sake of his ward. Because appellant filed this action for divorce as next friend for his mentally incompetent son he lacks the standing essential to the maintenance of such a suit. The rendition of a summary judgment by the district court was, therefore, correct.

The judgment of the trial court is affirmed.