Leonard C. WAHLENMAIER,
Appellant,

v.

Mary E. WAHLENMAIER, Appellee.

No. 08–87–00318–CV.

Court of Appeals of Texas,
El Paso.

April 6, 1988.

Rehearing Denied May 4, 1988.

John G. Hyde, Freeman, Hyde & Martin, Midland, for appellant.

Harper Estes, Lynch, Chappell, Allday & Alsup, Midland, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a divorce decree, and among others, raises the question as to whether or not a party who is not mentally competent to testify can obtain a divorce. We affirm.

Leonard and Mary Wahlenmaier had both been married to other persons prior to their first marriage which ended in a divorce in 1976. They remarried in 1979, and that marriage was terminated by the judgment in 1987, which results in this appeal. Leonard was in the oil business and had income from royalty interests which he owned as his separate property. Mary had received, from her parents, numerous mineral and royalty interests, and also owned various stocks and bonds.

The parties separated in May 1984, and Mary filed the suit for divorce the follow-ing month. The first hearing was in June 1986. At that time, the mental condition of Mary was such that she was not able to testify concerning her desire for a divorce. The court appointed a guardian ad litem to represent her interest, and proceeded to hear testimony as to the grounds for divorce. A daughter and son from Mary's first marriage, along with her sister and a neighbor, all testified that there was substantial discord in the marriage and that there was no possibility of reconciliation. Mary had been a patient in a nursing home since November 1985, and on occasions was unable to identify with acquaintances. From the few questions propounded to her at the beginning of the hearing, it was evident from her answers that she would not be a competent witness. The Appellant testified that he did not want a divorce.

■ The Appellant contends in his first point of error that the trial court erred in granting the divorce because Mary Wahlenmaier was not mentally competent. It is argued that the party seeking a divorce must be able to testify that a divorce is desired at the time of the hearing. Appellant relies upon the holdings in *Hart v. Hart*, 705 S.W.2d 332 (Tex.App.—Austin 1986, writ ref'd n.r.e.), and *Skeen v. Skeen*, 190 S.W. 1118 (Tex.Civ.App.—Dallas 1916, no writ), that a guardian or next friend may not obtain a divorce on behalf of a mentally incompetent person. In *Hart*, the party had been adjudged to be a person of unsound mind by a court. In our case, the evidence established that Mrs. Wahlenmaier was competent when she filed the suit, but she could no longer manage her affairs at the time of trial, although no legal proceedings had been filed to adjudge her incompetent and appoint a guardian. The court in *Hart* relied upon the decision in *Dillion v. Dillion*, 274 S.W. 217 (Tex.Civ. App.—Amarillo 1925, no writ). At the time of the *Dillion* decision, Tex.Rev.Civ.Stat. Ann. art. 4632 prohibited the granting of a divorce where either spouse was insane. Prior to a 1941 amendment, Tex.Rev.Civ. Stat.Ann. art. 4629 said "[e]xcept where the husband or wife is insane, a divorce may be decreed in the following cases."

These statutory prohibitions had been moved long before the holding in the *Hart* case. Also, prior to the *Hart* decision, the legislature had provided in Tex.Mental Health Code Ann. art. 5547–80(a), "[e]very mentally ill person in this state shall have the rights, benefits, responsibilities, and privileges guaranteed by the constitution and laws of the United States and the constitution and laws of the State of Texas." That provision concludes by providing that absent specific provisions of law to the contrary presented under special procedures, every person shall have, among other things, rights concerning domestic relations. We conclude that, since this statutory provision gives every person who has a mental incapacity every right and privilege guaranteed by our constitution and laws, it must include a right to obtain a divorce. It follows that, since the person may not be able to act for themselves, a court appointed guardian ad litem or next friend must be able to exercise those rights for a mentally ill person.

■ In our case, the evidence clearly established grounds for a no-fault divorce in that the marriage had become insupportable because of discord that destroyed the legitimate end of the marriage relationship and prevented any reasonable expectation of reconciliation. Tex.Fam.Code Ann. sec. 3.01 (Vernon 1975). We refuse to follow the holding in *Hart v. Hart*, that only parties to the marriage should decide whether or not the marriage relationship should be terminated. The inability of Mrs. Wahlenmaier to testify was not an absolute bar to the court granting her a divorce. Point of Error No. One is overruled.

■ In Points of Error Nos. Two and Four, complaints are made about the partition of community assets and the characterization of some assets as separate property. At a hearing which dealt with the division of the parties' assets, Mr. Wahlenmaier testified that in February 1984, he executed a revokable trust agreement and put all of his property into the trust so that his daughter could receive and pay to him all of the income from those properties. At his suggestion, Mrs. Wahlenmaier in May 1984 also executed a trust agreement and placed her property in a trust to be managed by her son. Her son testified that her oil and gas holdings were either gifts or inheritance from her mother and dad. He also said the certificates of deposit, bonds, and things of that nature came from the source of income that was derived initially from her inheritance or her gifts from her parents. He said every holding of any financial worth originated or was derived from her inheritance or as a gift. Thus, there is evidence that everything Mrs. Wahlenmaier placed in her trust was either her separate property or special community. It is not necessary that one spouse approve or agree with the disposition made by the other spouse of that other spouse's special community property. *Horlock v. Horlock*, 533 S.W.2d 52 (Tex. Civ.App.—Houston [14th Dist.] 1975, writ dism'd). There was no error in the trial court's failure to classify the assets placed in Mrs. Wahlenmaier's trust as community property.

The trial court filed extensive findings of fact and conclusions of law. The Appellant does not by either a point of error or argument contest the findings of fact which support the conclusions of law. In reviewing the final judgment, this Court is bound by those findings which have not been challenged on appeal. *Wade v. Anderson*, 602 S.W.2d 347 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Points of Error Nos. Two and Four are overruled.

■ Appellant in his third point of error asserts the trial court erred in finding a hospital bond was a gift to Mary's daughter. The evidence established that a bond, which Mary owned in her name, was lost and later found, and placed in the name of her son as trustee under her trust in August 1984. But after the new bond was issued in the name of the trustee, Mary gave the bond to her daughter in the fall of 1984, and delivered physical possession of the bond to her to complete the gift. The trial court found this resulted in a gift of separate property, and was not a community asset to be divided at the time of the

divorce. The evidence supports that conclusion. Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.