Kathy Sadoun, Kranitz & Kranitz, St. Joseph, for appellant.

Thomas R. Summers, Utz, Litvak, Summers, Powers & Manring, St. Joseph, for respondent.

Before NUGENT, P.J., and CLARK and COVINGTON, JJ.

**In the Matter of Lavon C. PARMER, Incapacitated.**

**Harold B. PARMER, Appellant,**

v.

**Winnie C. MICHAELS, (Guardian ad litem of Lavon C. Parmer), Respondent.**

**No. WD 39754.**

Missouri Court of Appeals, Western District.

July 19, 1988.

NUGENT, Presiding Judge.

Harold B. Parmer, husband of Lavon C. Parmer, appeals from the probate court's finding that the dissolution of their marriage is in the best interest of his wife and the court's order authorizing her guardian to proceed with her pending dissolution action.

On April 28, 1987, Mr. Parmer filed a petition in the probate division seeking appointment as guardian and conservator of his wife, Lavon C. Parmer. On May 7, Mrs. Winnie Michaels, Ms. Parmer's mother, filed her petition seeking appointment as guardian and conservator of her daughter. On May 18, after a hearing, Mrs. Michaels' petition was granted. Mr. Parmer did not appeal the order appointing Mrs. Michaels.

On June 26, 1987, Mrs. Michaels filed a petition in the probate division seeking au-

thorization to prosecute on behalf of her ward the action for dissolution of her marriage that Mrs. Parmer had commenced in the Circuit Court of Buchanan County on February 26, 1987, before she was declared incapacitated and disabled. That action then remained pending in Division 3 of the court. The guardian's petition alleged that Mrs. Parmer wished to proceed with the dissolution action and that the leave to prosecute the dissolution case would be in her ward's best interest.

As an "interested party," Harold Parmer appeared and resisted the guardian's petition by applying for a change of judge and by motion to remove the guardian. The court denied the application after a hearing before another judge, but the record does not disclose what, if any, action the court took on the removal motion.

On July 27, 1987, Judge Gary H. Fenner sitting in the Probate Division of the Circuit Court held a hearing on the guardian's petition to proceed with the dissolution action. Mrs. Michaels and her attorney and Mr. Parmer and his attorney appeared, and the court heard evidence and took the case under advisement.

The court had before it in the record the April 24, 1987, deposition upon interrogatories of William Rippe, M.D., who had attended Mrs. Parmer. He testified that he had seen her on many occasions between March 14, 1985, and April 23, 1987. He stated that she suffered from cancer of the brain, seizure disorder and chronic confusion secondary to the underlying malignancy, brain surgery and radiation therapy, and chronic confusion secondary to the illness and its treatment. Although he opined that Mrs. Parmer was incapacitated, he added, "However, I do feel the patient certainly has the capacity to help determine who should be involved in helping her with her personal affairs and financial affairs."

On July 28 the court found that the best interest of Lavon C. Parmer would be served by a dissolution of her marriage to Harold B. Parmer and that under § 475.130[1] Mrs. Michaels as guardian and conservator has authority to protect, preserve and manage Mrs. Parmer's estate and a duty to act in her interest and that as conservator Mrs. Michaels is specifically authorized to prosecute and defend all actions instituted in behalf of or against Mrs. Parmer. The court then authorized Mrs. Michaels to proceed with the dissolution action already on file and to hire an attorney for that purpose.

On this appeal, Mr. Parmer argues that no specific statute authorizes a guardian to proceed in a dissolution action for an incapacitated person and that, therefore, the divorce action cannot proceed.

The answer to Mr. Parmer's argument lies in the statutes themselves.

Section 475.091 specifically empowers the probate court to "undertake proceedings for ... dissolution of the marriage of the protectee...." Its pertinent provisions read as follows:

The court has the following powers which may be exercised directly or through a conservator in respect to the estate and affairs of minors and disabled persons:

....

(2) Upon finding that the transaction was or is beneficial to the protectee, the court may approve, ratify, confirm and validate any transaction entered into by a conservator of the estate, without court authorization which it has power under this section to authorize the conservator to conduct. The power of the court to approve, ratify, confirm and validate transactions entered into by a conservator of the estate without court authorization includes, without limitation, ... the power to make, ratify and undertake proceedings for, and agreements incident to, dissolution of the marriage of the protectee....

Section 475.110 provides that "[w]hen the spouse of an incapacitated or disabled person is appointed his guardian or conservator, such spouse shall be removed as guardian or conservator upon dissolution of his marriage with the incapacitated or disabled person." Obviously, the legislature's lan-

guage contemplates that incapacitated persons may be parties to a divorce action.

Under § 475.120.2 a guardian of an incapacitated person is directed to act "in the best interest" of the ward. The guardian is given the power and duty "to promote and protect the ... welfare of the ward" and those powers are not limited by the statute. § 475.130.4 also provides that the conservator of a ward's estate "shall prosecute and defend all actions instituted in behalf of or against" the ward, as Judge Fenner noted in his order of July 28, 1987.

In the present case the record establishes that Lavon C. Parmer initiated the dissolution proceeding before she was declared incapacitated. By doing so, Ms. Parmer demonstrated her desire that the marriage be dissolved. After a hearing the evidence, the court found that the dissolution action was in Ms. Parmer's best interest and ordered her guardian to proceed. The evidence was sufficient to support the court's finding, and we find no abuse of discretion. The authorities upon which appellant relies are inapposite.

Accordingly, we affirm the judgment.

All concur.