Second Division

December 22, 1998

No. 1-97-4311

In
 
re
 MARRIAGE OF DONALD J. BURGESS, )  Appeal from the

)  Circuit Court of

Petitioner-Appellee, )  Cook County.

)

and )  

)

SHARRON M. BURGESS, )  Honorable

)  Aubrey F. Kaplan,

Respondent-Appellant. )  Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Can a disabled adult's plenary guardian (a guardian of both the individual's estate and person) continue a dissolution of marriage action originally filed by the disabled adult prior to the filing of a petition for guardianship and prior to a finding of disability?  This is the certified question involved in this appeal.  Pursuant to 
In re Marriage of Drews
, 115 Ill. 2d 201 (1986), the answer is no and, accordingly, we reverse and remand.

BACKGROUND

Petitioner, Donald Burgess, 64, and respondent, Sharron Burgess, 58, were married in 1978.  No children were born of the marriage.  Donald filed a petition for dissolution in April of 1996, alleging repeated acts of mental cruelty.  Sharron answered, denying the allegations.  In June of 1997, the probate division of the circuit court entered a finding that Donald was disabled and appointed his sister, Virginia Cronk, as plenary guardian.  Sharron then filed a motion to dismiss the dissolution petition, contending that Cronk was without authority to continue with the proceeding.  The trial court denied the motion but certified the question.  We granted leave to appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), accepting the parties' certified question.

ANALYSIS

Preliminarily, under the Illinois Probate Act of 1975, there are two types of guardians: guardians of the person (755 ILCS 5/11a-17 (West 1996)) and guardians of the estate (755 ILCS 5/11a-18 (West 1996)).  A guardian of the person is appointed when a disability, as defined in section 11a-2, causes an individual to "lack[] sufficient understanding or capacity to make or communicate responsible decisions concerning the care of his person."  755 ILCS 5/11a-2,  5/11a-3  (West 1996).  A guardian of the estate is appointed when, due to a disability as defined in section 11a-2, the individual "is unable to manage his estate or financial affairs."  755 ILCS 5/11a-2, 5/11a-3 (West 1996).  Section 11a-17 sets forth the powers of the guardian of the person and section 11a-18 sets forth the powers of a guardian of the estate.  As previously stated, the instant case involves a plenary guardian, who is a guardian of both the individual's estate and of the individual's person.

In 
In re Marriage of Drews
, 115 Ill. 2d 201, 207 (1986), our Illinois Supreme Court held that a plenary guardian lacks standing to institute or maintain a dissolution proceeding.  When 
Drews
 was decided, a majority of states to consider the issue were in accord with this result.  The supreme court stated that Illinois had long ago adopted the majority approach and that, "absent statutory authorization, a guardian cannot institute an action, on behalf of a ward, for the dissolution of the ward's marriage."
  Drews
, 115 Ill. 2d at 205.  Rejecting the guardian's argument that section 11a-18(c) confers standing, the court found that this section relates only to estate matters, not to matters of the person.  This section's authorization of standing does not encompass all legal proceedings, only those that involve financial matters.  
Drews
, 115 Ill. 2d at 206.  Section 11a-17 addresses the guardian's duties pertaining to personal matters and nothing in that provision "grants the guardian standing to maintain or defend 
any
 legal proceeding."  (Emphasis in original.)  
Drews
, 115 Ill. 2d at 206.

As previously noted, when 
Drews
 was decided, 
the majority rule in the country was that a guardian could not institute a dissolution proceeding.  Times have changed, however, and a majority of jurisdictions to address the issue (17 of 29)
(footnote: 1) now allow a personal guardian to bring or maintain a dissolution action.  We also note from a review of these decisions that sound legal and public policy considerations have been offered in support of this position.  See, 
e.g.
, 
Ruvalcaba v. Ruvalcaba
, 174 Ariz. 436, 850 P.2d 674 (App. 1993); 
In re Marriage of Gannon
, 104 Wash. 2d 121, 702 P.2d 465 (1985).  
See also 
Drews
, 115 Ill. 2d at 208-09 (Simon, J., dissenting); 
In re Marriage of
 
Drews
, 139 Ill. App. 3d 763, 778 (1985) (Jiganti, P.J., dissenting).

However, the language of 
Drews
 is clear: "[No statutory provision] regulating guardianship for disabled adults *** accord[s] a guardian, limited or plenary, the standing to maintain an action for the dissolution of a ward's marriage."  
Drews
, 115 Ill. 2d at 206-07.

Standing is defined as:

" 'Standing to sue' means that party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.  [Citation.]  Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court; it is the right to take the initial step that frames legal issues for ultimate adjudication by court or jury.  [Citation.]  ***

Standing is a requirement that the plaintiffs have been injured or been threatened with injury *** and focuses on the question of whether the litigant is the proper party to fight the lawsuit, not whether the issue itself is justiciable."  Black's Law Dictionary 1405 (6th ed. 1990).

The 
Drews
 court articulated an absolute rule based on lack of standing rooted in the reasoning that a guardian is a creature of statute with only those powers granted to it and, thus, is without standing to do anything beyond its specific grant of authority.  

Donald contends there is a fundamental distinction between institution of an action (as in 
Drews
) and continuation or maintenance of an action (at issue here).  Maintain is defined as: "[t]o maintain an action or suit may mean to commence or institute it; the terms imports the existence of a cause of action.  Maintain, however, is usually applied to actions already brought, but not yet reduced to judgment."  Black's Law Dictionary 953 (6th ed. 1990).  Further, "[t]o 'maintain' an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect."  Black's Law Dictionary 953 (6th ed. 1990).  Although the statement that a plenary guardian is without standing to maintain an action for dissolution may be 
dicta
, under the facts of 
Drews
, it is nevertheless a clear expression by our supreme court. Moreover, neither section 11a-17 nor 11a-18 makes any reference to either instituting or maintaining a dissolution proceeding.  Given that the rationale in 
Drews
 is that, absent statutory authorization, the guardian cannot act, any argument that a different result should be reached in this case because it involves maintaining an action is without merit.

Donald additionally points out that Illinois has recently granted additional powers to a personal guardian.  In particular, a guardian is now allowed to withdraw medical treatment (see Health Care Surrogate Act (755 ILCS 40/1 
et seq.
 (West 1996)); 755 ILCS 5/11a-17(d) (West 1996)), a decision Donald argues is much more personal than the decision to seek a divorce.  We agree that this argument has appeal from the standpoint of logic.  However, we are also quick to note that these additional powers were granted precisely in the manner the 
Drews
 court mandated: via statutory authorization.  Thus, this appeal to logic would be better served if made to the legislature.  

Since 
Drews
, section 11a-17 has been amended three times.  In 1987, the legislature added the surrogate decision-making powers referred to above.  755 ILCS 5/11a-17(d) (West 1996).  In 1991, the legislature added powers in connection with the Illinois Power of Attorney Act.  755 ILCS 5/11a-17(c) (West 1996).  Finally, in 1997, the legislature added a paragraph detailing the standard for decision making a guardian must follow.  755 ILCS 5/11a-17(e) (West Supp. 1997).  Clearly, the legislature has granted a personal guardian greater authority in certain areas.  However, it failed to do so in the area of dissolution actions.  The legislature is presumed to know the construction the courts have placed upon a statute.  
Williams v. Crickman
, 81 Ill. 2d 105, 111 (1980).  A judicial interpretation of a statute is considered part of the statute until the legislature amends it contrary to that interpretation.  
Charles v. Seigfried
, 165 Ill. 2d 482, 492 (1995).  Moreover, when the legislature has acquiesced in the judicial construction over a substantial period of time, as it did here, to depart from that construction would be tantamount to an amendment of the statute itself.  
Charles
, 
165 Ill. 2d at 492.  This we cannot do.  The power to amend is exclusively a legislative function.

CONCLUSION

Based on the foregoing, we answer the certified question in the negative and hold that a plenary guardian may not continue a dissolution action originally filed by his or her ward prior to the time the ward was found disabled.  Accordingly, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with our opinion.

Reversed and remanded.

COUSINS, J., concurs.

FOOTNOTES
1:     
  
See 
Hopson v. Hopson
, 257 Ala. 140, 57 So. 2d 505 (1952); 
Campbell v. Campbell
, 242 Ala. 141, 5 So. 2d 401 (1941); 
Ruvalcaba v. Ruvalcaba
, 174 Ariz. 436, 850 P.2d 674 (App. 1993); 
In re Marriage of Higgason
, 10 Cal. 3d 476, 516 P.2d 289, 110 Cal. Rptr. 897 (1973); 
Northrop v. Northrop
, No. CN 94-9882 (Del. Fam. Ct. December 30, 1996); 
Vaughn v. Guardianship of Vaughn
, 648 So. 2d 193 (Fla. App. 1994); 
McGrew v. Mutual Life Insurance Co.
, 132 Cal. 85, 64 P. 103 (1901) (interpreting Hawaii law); 
Cohn v. Carlisle
, 310 Mass. 126, 37 N.E.2d 260 (1941); 
Smith v. Smith
, 125 Mich. App. 164, 335 N.W.2d 657 (1983); 
In re Palmer
, 
755 S.W.2d 5 (Mo. App. 1988); 
Nelson v. Nelson
, 118 N.M. 17, 878 P.2d 335 (App. 1994); 
Pace v. Pace
, 32 Ohio App. 3d 47, 513 N.E.2d 1357 (1986); 
In re Marriage of Ballard
, 
93 Or. App. 463, 762 P.2d 1051 (1988); 
Syno v. Syno
, 406 Pa. Super. 218, 594 A.2d 307 (1991); 
Murray v. Murray
, 310 S.C. 336, 426 S.E.2d 781 (1993); 
Turner v. Bell
, 198 Tenn. 232, 279 S.W.2d 71 (1955); 
Wahlenmaier v. Wahlenmaier
, 750 S.W.2d 837 (Tex. Ct. App. 1988); 
In re Marriage of Gannon
, 104 Wash. 2d 121, 702 P.2d 465 (1985).

Of the 17 jurisdictions that allow institution, four allow such action pursuant to express statute or rule (Florida, Massachusetts, Michigan, and Missouri).  Eight appear to allow the action outright (Alabama, Arizona, Hawaii, New Mexico, Oregon, Tennessee, Texas, and Washington); and five require some degree of competency on the part of the ward to express a desire for dissolution (California, Delaware, Ohio, Pennsylvania, and South Carolina).